Pbabson, J.
 

 Such a construction should be given to every deed, as to give it effect, and carry out the intention of the parties, “
 
 Ut res magis valeat quam percat,”
 
 is a well ruled maxim of law, formed upon good sense and calculated to promote the ends of justice.
 

 It is clear tha£ King was called to take possession of a large estate belonging to Mrs. Fann, in consequence of his entering into the bond now sued on, and that the defendant as one of his sureties, undertook, that he would pay over the estate to such persons as might be lawfully authorised to receive it. King did accordingly take possession of the estate, and has failed to account for it to the representative of Mrs. Fann. It would be a matter of regret, if, from any defect in the bond or any legal objection, the defendant could evade the performance of an undertaking, deliberately entered into by him, and throw the loss upon Mrs. Fann’s estate.
 

 The defendant has put himself upon his legal rights, as he was at liberty to do, and the question is, whether he is in law bound to make good the loss.
 

 The counsel for the plaintiff properly admitted, that the paper could not be sustained as an official bond, and declared upon it as a common law bond.
 

 It was proved, that the bond was signed and sealed and delivered to the clerk of Orange County Court by the
 
 *254
 
 defendant. We think this was a sufficient delivery. A stranger may accept the delivery of the bond and it is good, unless the obligee refuses to ratify the delivery, but in the absence of proof to the contrary such ratification is presumed.
 

 The second objection is, that the bond is void for uncertainty and repugnance.
 
 Utile per inutile non vitiatur,
 
 is a maxim of law, by which all useless and unmeaning words are to be rejected, provided enough remain to make the deed sensible. The words, “justices of the Court” &c, “to be paid to the said justices or the survivors of them” &c. are useless and unmeaning, and convey node-finite idea, and are, therefore, to be rejected, leaving an obligation to pay James Iredell the sum of ten thousand dollars.
 
 Fitz v. Green,
 
 3 Dev. 291,
 
 Vanhook
 
 v.
 
 Barnett,
 
 4 Dev. 203,
 
 Richardson
 
 v.
 
 Wall,
 
 1 Ired. 297, are cases in point and fully sustain this position.
 

 The third objection is, that, as the verdict of the jury did not find Elizabeth Fann either a “lunatic” or an idiot,” the appointment of a guardian by the Court was a nullity, and this bond given by the defendant, was void.
 

 It is true, the Court had not power to appoint King the guardian of Mrs. Fann and authorise him to take her estate into his possession, but the defendant will not be heard to make this objection; he concurred in the act; his bond solemnly asserts that. King was appointed guardian and had power to take the estate into possession, and after King has taken the estate into possession and wasted it, it is not for him to say, that it was unlawful, and, therefore, that he is not bound by his undertaking deliberately entered into. Upon that agreed state of facts, “ his mouth is shut” and he shall not be allowed to take advantage of his own
 
 wrong.
 

 The
 
 technical
 
 rules of the doctrine of estoppels are said to be odious, but there is no rule better calculated to do justice, and exclude dishonesty, than that by which, when
 
 *255
 
 one solemnly admits a fact either by his own words or acts, and it is acted upon, he shall not escape from liability. by being heard to gain spy it. It violates all idea of justice for the defendant to say, that it was against the policy of the law for him to give the bond, and thereby enable King to invade the rights of Mi-s. Fann, and therefore, that he should not be bound to answer for the acts of King as he had undertaken to do. Mrs. Fann might have complained, but he has no right to do so. The illegal appointment was not the consideration, nor was the bond the inducement for making the appointment: it was a collateral security taken to insure a faithful discharge of
 
 duties incident
 
 to the appointment. The case of the
 
 United States
 
 v.
 
 Manin
 
 & others, 2 Brockinbrough 115, is directly in point. In that case, Manin had been appointed to an office by the
 
 Secretary of War,
 
 and had given bond, with the other defendants as sureties ; it was admitted, that the appointment was void, and was against the law and its policy, as the appointment ought to have been made by the President, by and with the advice and consent of the Senate ; but it was held that the defendants could not avail themselves of the illegality of the appointment, and were liable for all moneys received and not accounted for. In delivering the opinion, Chief Justice Maeshall uses this language, “the appointment is illegal, but does that render the bond void
 
 1
 
 It was given in the confidence that James Manin was legally appointed to office. Does the illegality of the appointment absolve the person appointed from the legal and moral obligation of accounting for public money, which has been placed in his hands in consequence of such appointment ? If the policy of the law condemns such appointments, does it also condemn the payment of moneys received under them
 
 1”
 

 The judgment below must be reversed, and a judg
 
 *256
 
 ment entered for the plaintiff upon the verdict, according to the agreement of the parties-
 

 Per Curiam. Judgment reversed and Judgment for the plaintiff.