## Doner's Estate.   Eppley's Appeal.

*Guardian and ward—Suretyship—Illegal appointment of guardian—Act of March* 29, 1832.

The surety on the bond of a guardian is not relieved from liability by the fact that the guardian at the time of his appointment was one of the administrators of the estate of his ward's father, and that the appointment was thus illegal under the act of March 29, 1832, P. L. 190.

Argued April 27, 1893.   Appeal, No. 36, July T., 1893, by Samuel Eppley, surety, from decree of O. C. Cumberland Co., discharging rule to vacate appointment of guardian.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Exceptions to adjudication of guardian's account, and rule to vacate appointment of guardian.

From the record it appeared that at the time of appointment of Wm. M. Doner, as guardian of Anna L. Doner, he was also administrator of Samuel A. Doner, the minor's father.   Samuel Eppley was surety on the guardian's bond.   The guardian became insolvent and filed an account as guardian, to which Eppley excepted, and also asked for the vacation of the appointment of guardian.   The court, STEWART, P. J., of the 39th judicial district, specially presiding, discharged the rule to vacate the appointment of the guardian and also dismissed the exceptions to the account.

*Errors assigned* were (1–3) above orders, quoting them.

*John Hays*, for appellant.—A decree of the orphans' court against an administrator is conclusive as to his sureties: Garber v. Com., 7 Pa. 265; Hartzell v. Com., 42 Pa. 453; Little v. Com., 48 Pa. 337; Moorhead v. Com., 1 Grant, 214; Com. v. Rhoads, 37 Pa. 60; Com. v. Gracey, 96 Pa. 70; Com. v. Steacy, 100 Pa. 613.

The appointment of the guardian was void: Act of March 29, 1832, P. L. 190; Pote's Ap., 106 Pa. 574; Senseman's Ap., 21 Pa. 331; Corwin's Ap., 126 Pa. 326; Dull's Ap., 108 Pa. 604; Cummin v. Wilson, 2 Watts, 13; Pearsoll v. Chapin, 44 Pa.

14; Stern's Ap., 64 Pa. 447; Rheen v. Carlisle Deposit Bank, 76 Pa. 132; Spencer v. Jennings, 114 Pa. 618; Torrance v. Torrance, 53 Pa. 505; Gordon's Ap., 93 Pa. 361; McKee v. McKee, 14 Pa. 231; Painter v. Henderson, 7 Pa. 48; Lochhart v. John, 7 Pa. 138; Caldwell v. Walters, 18 Pa. 79; Camp v. Wood, 10 Watts, 118; Deihm v. Snell, 119 Pa. 316; Hill v. Tionesta Twp., 129 Pa. 525.

The contract of suretyship is one of mere benevolence, and is not to be carried further than the natural import of the words, because it would be unjust to intend that one who is to derive no benefit would consent to be bound further than he chooses to express. In doubtful cases, therefore, the construction is to be favorable to the surety: Bensinger v. Wren, 100 Pa. 500; Hutchinson v. Woodwell, 107 Pa. 509; Neff's Ap., 9 W. & S. 36; Clippenger v. Creps, 2 Watts, 45; Boschert v. Brown, 72 Pa. 372.

The guardian received no funds after the bond was approved.

*M. C. Herman, R. M. Henderson* with him, for appellee.—Notwithstanding the prohibition of the act, a guardian and his sureties are liable on their bond to the persons interested in the estate: Foster v. Com., 35 Pa. 148; Shalter & Ebling's Ap., 43 Pa. 83; Keech's Ap., 10 Pa. 261; Act of March 29, 1832, P. L. 190; Dull's Ap., 108 Pa. 604; Kramer v. Mugele, 153 Pa. 493.

OPINION BY MR. JUSTICE WILLIAMS, July 19, 1893:

The appellant was surety upon the bond of William M. Doner, guardian of Annie L. Doner. His principal, after being cited so to do, settled his account as guardian, and a balance of about sixteen hundred dollars was found in his hands. The appellant excepted to this account and the balance found due thereon, on the ground that his principal at the time of his appointment as guardian was one of the administrators of the estate of his ward's father.

The appointment was made in violation of the act of March 29, 1832, P. L. 190, which distinctly declares that no executor or administrator shall be appointed, by the orphans' court, guardian of a minor having an interest in the estate under the care of such executor or administrator. The position of the appel-

lant is that the appointment was for this reason void, and the bond given for the faithful discharge of his duties as guardian by the appointee was invalid and is now incapable of enforcement. There can be no doubt that the appointment was in violation of law. It ought never to have been made, and we have no doubt that if the facts had been brought to the attention of the orphans' court it would not have been made. But William M. Doner, by reason of this illegal appointment, secured the possession of the infant's estate and gave bond with sureties, one of whom is the appellant, to account for the estate of his ward so far as it should come to his hands. He was liable to be removed at any time, by the revocation of his appointment and the appointment of a person in his stead who was legally competent to act, but upon such removal he would be bound to turn over the estate of his ward to his successor, and the orphans' court could compel him to do so. He would be liable also for his acts done as guardian while acting under his appointment, not only to his ward, but to all persons interested, and such liability could be enforced in the same manner as though his appointment had been properly made. It is clear therefore that he was subject to the jurisdiction of the orphans' court and was rightly cited to state and settle his account. For the balance due upon it he is liable in the same manner that any guardian is liable. He may be proceeded against personally or upon his bond; and his sureties will be liable for the balance remaining in the hands of their principal.

For this reason they have a right to be heard when the question of the amount of that balance is being investigated and determined in the orphans' court. But neither the guardian nor his sureties can be heard to deny his liability for money of his ward actually received by him on the ground that he ought not to have been appointed. The bond was given after and because of the appointment, for the purpose of qualifying the appointee to act. The extent of the liability of the sureties depends on what may happen after the appointment. The questions in which they are interested are: What has the guardian received for which he is bound to account? Has he expended it in a proper manner? If a balance remains in his hands what is its amount? And when these are answered the amount of their liability is ascertained. In this case the balance has been prop-

erly ascertained. Whether Doner should have been appointed is not now the question. He was appointed. He assumed to act under the appointment. He has the money of his ward still in his hands, and if he does not pay it over his sureties may properly be called upon to do so for him.

The decree of the orphans' court is affirmed.