HASTINGS *v.* UNITED STATES FIDELITY & GUARANTY COMPANY.

Opinion delivered January 11, 1915.

1.  PLEADINGS—AMENDED COMPLAINT—SERVICE OF SUMMONS—NEW PARTIES. —A general demurrer to plaintiff's complaint being sustained, plaintiff filed what was termed an amended complaint, naming appellee and others as defendants. *Held*, a summons being issued upon this complaint against appellee, it was in effect the beginning of a new suit, the plaintiff having the right to join all the parties as defendants, against whom a cause of action could be alleged.

2.  APPEAL—STRIKING OUT COMPLAINT—TRIAL—JUDGMENT.—The order of court in striking out appellant's amended complaint, which was in effect a dismissal of appellant's cause of action against appellee, *held*, to be a final judgment from which an appeal may be prosecuted.

3.  INSANE PERSON—APPOINTMENT OF GUARDIAN—PROBATE COURT—ACT OF CLERK.—The probate court only has the power to appoint a guardian of an adult insane person, and the clerk's issuance of letters of guardianship without an order and adjudication of said court is without authority and void.

4.  INSANE PERSON—GUARDIAN—VOID APPOINTMENT.—Where the appointment of a guardian of an insane person is void, the probate court acquires no jurisdiction of the person or estate of said insane per-

son, and the orders thereof approving and confirming the purported settlements of such guardian are void.

5. GUARDIANSHIP—INSANE PERSON—VOID APPOINTMENT—LEGAL RESPONSIBILITY.—Where the appointment of a guardian for an insane person is void, he may be treated in a court of equity as an equitable guardian and held legally to account for the property coming into his hands.

6. GUARDIAN'S BOND—INVALID APPOINTMENT—LIABILITY OF SURETY.—The surety on the bond of the guardian of an insane person who goes voluntarily on the bond, and induced the delivery of the property of the insane person to the guardian, will be liable on the same, although the appointment of the guardian is held to be void.

Appeal from Benton Chancery Court; *T. H. Humphreys,* Chancellor; reversed.

### STATEMENT BY THE COURT.

R. T. Hastings and three other of appellants, brought suit for an accounting against J. C. January as guardian and curator of Sarah E. January, their relative, alleging his failure to account for certain of her estate that came into his hands by reason of his appointment as guardian. A demurrer to the complaint was sustained and appellants on August 21, 1913, joining all the other heirs but one, of Sarah E. January, deceased, as plaintiffs, filed their amended complaint against said January, the appellee bonding company, and Sopha Gadberry, the other heir, defendants.

The complaint alleged that the plaintiffs and Sopha Gadberry, defendant, are the sole heirs at law of Elizabeth January, the same person named as Sarah E. January, who died intestate, May, 1911. That in March, 1906, the defendant, J. C. January, applied to the clerk of the probate court of Benton County for appointment as guardian and curator of the person and estate of said Elizabeth January, as a person of unsound mind. That said J. C. January as principal and the United States Fidelity and Guaranty Company as surety, entered into a bond to the State of Arkansas for the use of said deceased in the sum of $4,000, conditioned that the said J. C. January would well and faithfully perform and dis-

charge his duties as such trustee. A copy of the bond as follows was set out:

"GUARDIAN AND CURATOR'S BOND.

"Know all men by these presents: That we, J. C. January, as principal, and the United States Fidelity & Guaranty Company, as surety, bind ourselves, our heirs, etc., to pay to the State of Arkansas for the use of Sarah E. January, the sum of $4,000.

"But upon condition, that whereas, the said J. C. January has been appointed by the probate court as guardian and curator of the person and estate of Sarah E. January, a person of impaired mind.

"Now if the said J. C. January shall well and faithfully discharge his duties as such guardian and curator according to law, then this obligation to be void, otherwise to be and remain in full force and effect.

"Witness our hands this 16th day of February, 1906.

"J. C. January,
"United States Fidelity & Guaranty Co.
"By W. A. Burks, General Agent."

It was further alleged that said January took charge of the person and estate of said Elizabeth January and collected and received various sums of money, specifying them, including those set out in the first complaint. That the defendant, January, was appointed guardian and curator by the clerk of the probate court, who issued letters of guardianship to him without authority of law or direction of the court, and that said January filed several semi-annual settlements in the probate court, charging himself with certain sums received, including a part of the matters set out in the complaint and asking credit for divers sums against said Elizabeth January, all of which settlements and credits were confirmed by orders of the probate court, without authority of law. That the orders of confirmation were null and void, for the reason that said Elizabeth January was over the age of fifty years at all times aforesaid and had never been adjudged insane by the probate court or any other court or tribu-

nal.   That during all the time from March 1, 1906, up to the death of Elizabeth January, the defendant, J. C. January, had full control and management of both her person and estate and kept and maintained her at his home as a member of the family; that the sum of $20 per month was a fair compensation for such maintenance and support; that he had the possession and custody of all her property and funds since receiving the same, and failed to turn over the same to the plaintiffs or any one else for their benefit or to any other person authorized to accept or hold same for the benefit of her estate.

That by reason of the execution of the bond aforesaid, the relatives and heirs of Elizabeth January permitted the defendant, J. C. January, to take full charge, management and control of her person and estate. Prayer that J. C. January be required to fully account for all moneys and property received by him for said Elizabeth January, and, after being allowed a reasonable compensation for her care and support, that they have judgment against him and the appellant bonding company as surety for the remainder thereof.

A summons was issued upon the amended complaint for appellee company and duly served upon it on the same day, August 21, 1913.   On the 26th of November, 1913, the appellee guaranty company filed a separate motion to strike the amended complaint from the files, alleging as grounds therefor, first, that it substantially changed the claim sued upon from the one set up in the original complaint; second, because it substituted parties defendant different from those in the original complaint and against whom no cause of action was stated therein, and because the original complaint did not state a cause of action against it and therefore could not be amended so to do.

January filed a like motion. The court overruled January's motion to strike, and sustained the motion of appellee upon the ground that the amended complaint substantially changed the claim sued on from that set up in the original, and ordered it stricken from the files,

in so far as it attempted to allege a cause of action against appellee. Appellants excepted to this ruling and from the judgment appealed.

*Walter Mathews,* for appellants.

Filing the amended complaint and causing summons to be issued and served amounted to the bringing of a new suit. 59 Ark. 441; 64 Ark. 348; 65 Ark. 495; 81 Ark. 579; 85 Ark. 251; 96 Ark. 524; 97 Ark. 19.

The sufficiency of a pleading must be raised by demurrer and not by motion to strike. 30 Ark. 436.

*Dick Rice,* for appellee.

Authorities relied on by appellant are not applicable here. Appellee did not file an answer but filed a motion to strike, and only appeared specially for that purpose. The law as announced by this court in *Kansas City Southern Railway Company* v. *Tonn,* we think, applies in this case. 102 Ark. 20, 143 S. W. 577.

If the original complaint did not state a cause of action against appellee, it could not be amended so that it would state one, because an amendment can only be made to a complaint which states a cause of action defectively. 110 Ark. 139.

*Walter Mathews,* for appellant in reply.

The appointment of a guardian for a person of unsound mind is a court order, after due notice and the person brought before the court and duly adjudged to be insane, and the clerk has no authority in the premises at all. Kirby's Dig., §§ 4002, 4005; 32 Ark. 674; *Id.* 97, 104; 19 Ark. 515.

Upon the appointment of January by the clerk and his obtaining possession of the person and property of the insane person, he became a *de facto,* or equitable, guardian, and liable to account for the property in a court of equity. 21 Cyc. 20, and cases cited. The clerk's appointment being void, the probate court acquired no jurisdiction, and the settlements and the orders of the probate court approving and confirming the same are void, and can be attacked in a collateral proceeding. 21 Cyc. 178,

179; 10 N. E. 352; 74 Ark. 82; 50 Ark. 188-190; 48 Ark. 151; 47 Ark. 460; 29 Ark. 47.

Appellee is liable on the bond, notwithstanding January was not legally appointed guardian.    65 Am. St. Rep. 122; 27 Atl. 42; 55 Am. St. 569, and note; 20 Am. Dec. 463; 50 Ala. 315; 49 S. E. 827; 9 Ky. 172; 46 N. E. 1095; 21 Am. St. 461; 31 N. C. 250.

KIRBY, J., (after stating the facts).    (1)    A general demurrer was sustained to the original complaint and the plaintiffs therein joining all the other heirs, but one made defendant, with themselves, filed what was termed an amended complaint against the defendant in the original complaint, the appellee surety company, and the other heir of the deceased, Sarah Elizabeth January, who was not joined as a party plaintiff.    A summons was issued upon this complaint against appellee company and it was in effect the beginning of a new suit, the plaintiffs having the right to join all parties as defendants against whom a cause of action could be alleged.    *Ferguson* v. *Carr,* 85 Ark. 251; *Choctaw, Oklahoma & Gulf Rd. Co.* v. *Hickey,* 81 Ark. 579; *Greer* v. *Vaughan,* 96 Ark. 524; *Warmack* v. *Askew,* 97 Ark. 19.

(2)    The court erred, therefore, in striking out the amended complaint, which was in effect a dismissal of appellant's action against appellee and a final judgment from which an appeal could be prosecuted.

(3-4)    If the motion be treated as a demurrer to the sufficiency of the complaint, which is not the proper practice, it still should not have been sustained.    The complaint alleged that plaintiffs were the only heirs and next of kin to the deceased insane person, that her estate had come into the hands of the defendant, J. C. January, as alleged guardian and curator by reason of the execution of the bond by appellee company, that his appointment as guardian was void, being made by the clerk of the probate court only and without authority of law, that he had not accounted for the estate coming into his hands by reason of his appointment; that he was in effect an equitable or *de facto* guardian and should be required so to

do and to pay to appellants all sums of money to which they were entitled, after he was allowed a reasonable compensation for the support and maintenance of the said insane person. The probate court only had the power to appoint a guardian of Sarah Elizabeth January, an adult person of unsound mind, and the clerk's issuance of letters of guardianship without an order and adjudication of said court was without authority and void. The appointment being void, the probate court did not acquire jurisdiction of the person or estate of said insane person and the orders thereof approving and confirming the purported settlements of such guardian were void.

(5) It does not follow, however, that the said January, who acted as guardian and took possession of the estate of the person of unsound mind after his attempted appointment by the clerk of the probate court and his surety upon the bond given before taking such charge, are not responsible for his properly accounting for said estate in accordance with the terms of the bond. He may be treated in a court of equity as an equitable guardian and held legally to account for the property coming into his hands. 21 Cyc. 20; *Hazelton* v. *Douglas,* 65 Am. St. Rep. (Wis.) 122.

(6) The complaint shows in this case, as in *Hazleton* v. *Douglass,* that, although the person attempted to be appointed was never the legal guardian of the person of unsound mind, he was granted letters of guardianship by the clerk of the probate court without authority, and was supposed to be, and that he gave the bond sued upon with appellee company as surety, by which means he obtained possession of her estate. The court there held the complaint sufficient and the bond valid, saying, ''The bond was given voluntarily; it contravened no statute; it was not even repugnant to the policy of the law; it induced the delivery to the principal of the supposed ward's entire fortune.'' The bond herein was given under like conditions, and we see no reason why it did not constitute a valid obligation against the surety. See, also, *Hauenstein* v. *Gillespie,* 73 Miss. 742, 55 Am. St. Rep.

569, note; In re *Doner's Estate,* 27 Atl. 42; *Fridge* v. *State,* 20 Am. Dec. 463; *People* v. *Medart et al.,* 46 N. E. 1095; *Griffin* v. *Collins,* 49 S. E. (Ga.) 827; *Iredell* v. *Barbee,* 31 N. C. 250; *Corbitt* v. *Carroll,* 50 Ala. 315.

It follows that a good cause of action is stated in the complaint. For the error committed, the judgment is reversed and the cause remanded for further proceedings according to law and not inconsistent with this opinion.