THOMPSON VS. BREMAGE.

Where the office of sheriff and coroner are both vacant, or where there is no coroner, and the sheriff is interested in the suit, and process is directed to a constable, under the act of Dec. 21, 1846, (*Digest, p.* 260) the fact of such vacancy or disqualification, ought to be suggested and recited in the writ, but the omission of such recital does not make the writ void, and it may be supplied by amendment.

The judgment of the court below is reversed, for refusing to permit such amendment.

*Writ of Error to Randolph Circuit Court.*

The Hon. W. H. NEELY, Circuit Judge, presiding.

FAIRCHILD, for the plaintiff. The court ought to have permitted the amendment—the motion being in apt time, and for the furtherance of justice ; and the amendment in a matter merely of form. *Dig.* 814, *sec.* 113. *Brinkley vs. Mooney,* 4 *Eng.* 448. *McLarren vs. Thurman,* 3 *Eng.* 315. *Martin & Van Horne vs. Webb,* 5 *Ark.* 77. 3 *Ch. Pr.* 44, 923. *McMellen vs. Jewell,* 13 *Lou. An: Rep.* 139. *Jerks vs. Smith,* 5 *ib.* 674. *Cutter vs. Rathbone,* 1 *Hill* (*N. Y.*) 205.

The statute (*Dig.* 260, *sec.* 28) authorizing the issuance of the process of the Circuit Courts to constables, when the offices of sheriff and coroner are vacant, does not require the recital of such fact in the writ; nor is it believed to be necessary (3 *Adol. & Ell.* 451, 5 *Nev. & Man.* 109, 4 *Dowl.* 6, 3 *Stark Ev.* 1529,) though declared proper in *McPherson vs. The State Bank,* 4 *Ark.* 558, and so decided in Massachusetts ; as the ·clerk is presumed to know the ministerial officer of the court, and the court knows when the offices of sheriff and constable are vacant.

Mr. Chief Justice WATKINS delivered the opinion of the Court. This suit was instituted by attachment, in the Randolph Cir-

cuit Court. The writ was directed to the constable of Demeen Township, in Randolph county, to be by him executed and returned. At the return term the plaintiff moved to have the writ amended, so as to show according to the facts, that the reason why it was so directed, was that the offices both of sheriff and coroner of that county, were vacant at the time of its issuance; and at the same time, upon the ground of the omission of any such reason, the defendant moved to quash the writ. The court overruled the motion to amend, and sustained the motion to quash.

The act of December 21st, 1846, provides that where the offices of sheriff and coroner of any county are both vacant, and so where there is no coroner, and the sheriff is interested in the suit, it shall be the duty of any constable of the county, to whom process may be directed, to execute and return it in the same manner as sheriffs and coroners are required by law to do.

This statute was designed to facilitate the remedy, by substituting another class of executive officers in the place of the sheriff or coroner, whose appropriate duty it is to execute process of the Circuit Courts, in particular cases when those offices are vacant, or the officers themselves are disqualified; seeing that such vacancies or contingencies may happen, against which the laws cannot provide. The statute is not objectionable as tending to dispense with the office of sheriff or coroner, which the legislature could not do, but is rather to be commended as an effort on the part of the legislature to guard against any possible failure of justice, for want of the means appointed by law to attain that end.

On the other hand, the adverse party to be affected by process issuing from the Circuit Court in civil cases, has the right to insist that such process shall be executed by its proper officer; because he is presumed to be a man of substance, personally responsible for his tortious acts, is under the immediate control of the court, and whose official bond, in cases where the securities are liable for his acts of commission or omission, furnishes ample indemnity against any abuse of the powers confided to him. And

as the authority of the constable to act in the stead of the sheriff, is a special one and limited to the particular case, resting solely on the ground that there is no sheriff or coroner in commission, or none qualified to act, the fact of such vacancy, or disqualification ought to be suggested and recited in the writ, which then becomes the officer's warrant, and a notification to the defendant of his authority to execute it; and it may well be pleaded in abatement of the process that such suggestion or recital is untrue in fact.

But the omission of such recital does not make void the writ, which is, in legal contemplation, issued out of the court, presumed to know who are its officers; and whenever the power to issue such special process is conceded, no good reason is perceived why it does not come within the beneficial operation of the statute of amendments. We cannot suppose that the allowance of the amendment, proposed to be made in this case, according to the truth of the matter, could operate to the surprise or injury of the defendant, or deprive him of any substantial right affecting the merits of the suit. On the contrary, its allowance would conduce to the furtherance of justice. It is fair to presume that if the defendant is injured, it is by the want of authority in the constable to act, and not by means of the omission of the evidence of that authority. According to the opinion in *Mitchell vs. Conley*, at January term, 1853, we conclude that the discretion of the court in refusing to allow the amendment was not rightly exercised, and for that reason the judgment ought to be reversed, and the cause remanded for further proceedings, according to law and not inconsistent with this opinion.