Hazelton vs. Douglas and others.

HAZELTON, Respondent, vs. DOUGLAS and others, Appellants.

*September 28 — October 22, 1897.*

*Guardian's bond: Liability of sureties: Garnishment: Subrogation: Parties.*

1. A guardian's bond, given by one who had received a formal appointment as guardian of an alleged insane person. which was adjudged void because made by a court which had no jurisdiction, is good as a voluntary bond in the hands of such ward, and the sureties therein are liable to her for funds which their principal received in the capacity of guardian and has failed to account for.

Hazelton vs. Douglas and others.

2. Where the principal in such bond received $20,000 worth of the ward's estate and, upon the recovery by a creditor of the ward of a judgment for about $1,000 against the ward and against such principal as garnishee, turned over to his sureties in the bond more than sufficient to pay such judgment, and failed to account when his appointment was adjudged void for the property so received, *held*, that such creditor was subrogated to the rights of the ward, and could recover the amount of his judgment from the sureties.

3. In an action by the creditor for that purpose, it was not necessary to join the supposed guardian as plaintiff, or the ward as defendant.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This is an action against *Douglas*, as principal, and the defendants *Rice* and *Mitchel*, as sureties, upon a guardian's bond. The complaint alleges, in substance, that in March, 1892, the defendant was appointed by the county court of Milwaukee county guardian of Marion V. Dudley, and upon such appointment executed and delivered the guardian's bond pursuant to the statute, and thereupon received property of said Marion V. Dudley amounting to more than $20,000; that the order appointing said *Douglas* as guardian was afterwards adjudged void for want of jurisdiction by the circuit court for Milwaukee county on the 22d day of October, 1894; that on the 24th of April, 1896, the plaintiff, *Hazelton*, recovered a judgment against Mrs. Dudley for the sum of $951.25, and that on the 25th of April he also recovered judgment against *Douglas*, as garnishee, for the full amount of said judgment against Mrs. Dudley, he having garnished *Douglas* at the commencement of the main action; that *Douglas* refuses to pay said judgment, and that the execution duly issued thereon has been returned wholly unsatisfied. The complaint further states that *Douglas* had, prior to the commencement of the action, transferred to his said sureties a considerable amount of said trust property, and more than enough to pay plaintiff's claim, for the purpose

of indemnifying them against this judgment, and that said sureties have refused upon demand to pay said judgment; that said Marion V. Dudley is, and long has been, a non-resident of this state, and has no property within this state.

The bond sued upon contains, among other provisions, the following: That if the said guardian shall, "at the expiration of such trust, settle all accounts with the county court,. or with the court having jurisdiction of probate matters in the proper county, or with the ward if she be of sound mind, or with her legal representatives, and pay over and deliver all moneys, estate, and effects remaining in his hands or due on such settlement to the person or persons legally entitled thereto, then this obligation to be void; otherwise of full force, virtue, and effect."

The defendants *Rice* and *Mitchel* demurred to the complaint on the grounds: First, that there is a defect of parties plaintiff in omitting to join *James Douglas* as plaintiff; second, that there is a defect of parties defendant in omitting to join Marion V. Dudley as defendant; third, that the complaint does not state facts sufficient to constitute a cause of action. From the order overruling this demurrer the defendants appeal.

For the appellants there was a brief by *Carney, Clasen & Walsh*, and oral argument by *F. J. Clasen*. They contended, *inter alia*, that before the sureties can be held liable on the bond there must have been an accounting before a proper court and order to pay over. *Kugler v. Prien*, 62 Wis. 248; *Gillespie v. See*, 72 Iowa, 345; *O'Brien v. Strang*, 42 id. 643; *Vermilya v. Bunce*, 61 id. 605; *Perkins v. Stimmel*, 114 N. Y. 359; Murfree, Official Bonds, § 365. The appointment as guardian having been adjudged invalid the bond was void *ab initio*. *Shevlin v. Whelen*, 41 Wis. 88; *Vose v. Cockroft*, 44 N. Y. 415; Murfree, Official Bonds, § 362.

For the respondent there was a brief by *G. W. Hazelton*,. in person, and *W. J. McElroy*, of counsel, and oral argument by *Mr. Hazelton*.

Kahn vs. Lesser.

WINSLOW, J. The complaint shows that *Douglas* never was the legal guardian of Mrs. Dudley, although a formal order had been made appointing him. It was supposed, however, that he was her guardian, and he gave his bond, with the defendants as his sureties, and by means thereof obtained possession of $20,000 worth of property. The bond was given voluntarily. It contravened no statute. It was not even repugnant to the policy of the law. It induced the delivery to the principal of the supposed ward's entire fortune. It was, within the rule of a vast number of authorities, a good voluntary bond in the hands of Mrs. Dudley. To hold otherwise would be to do rank injustice. 1 Brandt, Suretyship & G. §§ 22, 23; *Lewis v. Stout*, 22 Wis. 234; *Klauber v. Charlton*, 45 Wis. 600; *U. S. v. Tingey*, 5 Pet. 115.

By virtue of the judgment obtained by the plaintiff against Mrs. Dudley and the garnishment of *Mr. Douglas*, the plaintiff has undoubtedly become subrogated to the rights of Mrs. Dudley to the amount of his judgment. Such subrogation operates precisely as an assignment by Mrs. Dudley to him of so much of her claim against *Douglas*. It follows that a good cause of action is stated.

It is manifest that there is no defect of parties plaintiff or defendant.

*By the Court.*— Order affirmed.