## OLIVER v. ROUTH.

### Opinion delivered March 27, 1916.

1. SERVICE OF SUMMONS—ABSENCE OF SEAL.—A writ of summons is not void for want of the official seal of the clerk, and it may be amended upon application to the court.

2. JUDGMENTS—COLLATERAL ATTACK—FORECLOSURE DECREE.—The decree of the chancery court foreclosing a vendor's lien, and ordering a sale of the property, may be set aside on appeal, if erroneous, but its validity can not be collaterally attacked, except upon the ground that it was procured by fraud.

3. JURISDICTION OF PROBATE COURT—USUAL POWERS.—In cases falling within the usual powers of the probate court, where the record is silent with respect to any fact necessary to give the court jurisdiction, it will be presumed that the court acted within its jurisdiction.

4. JURISDICTION—PROBATE COURT—SPECIAL POWERS.—The facts essential to the exercise of special jurisdiction, by the probate court, must appear upon the record.

5. HOMESTEAD—SPECIFIC PERFORMANCE—EXECUTORY CONTRACT TO CONVEY.—The probate court is without jurisdiction to render a judgment of specific performance of an executory contract, made by deceased, to convey the homestead.

6. HOMESTEAD—CONVEYANCE BY HUSBAND.—A deed purporting to convey the homestead by a married man is void unless his wife joins in the execution of the deed.

7. SPECIFIC PERFORMANCE—EXECUTORY CONTRACT TO CONVEY—DEATH OF OBLIGOR.—There must be a valid executory contract to convey land, made by the decedent before the probate court can order it to be specifically performed.

Appeal from Madison Chancery Court; *T. H. Humphreys,* Chancellor; reversed.

#### STATEMENT BY THE COURT.

Appellant instituted this action in the chancery court against appellees and set up two causes of action.

1. Appellant seeks to set aside a decree of foreclosure of a vendor's lien on real estate made in the Madison chancery court several years ago in a suit wherein the Madison County Bank was plaintiff and Percie and Geo. Thos. Oliver were defendants on the grounds that it is void. The First National Bank was the successor of the Madison County Bank.

2. Appellant seeks to set aside as void an order of the Madison probate court for the specific performance of an undivided interest in the same land.

The material facts are as follows: On October 6, 1904, Geo. B. Oliver died, owning the land in controversy, situated in Madison County, Arkansas, which was his homestead. He left surviving him his widow, Princie Oliver, now Princie Arrington, and Geo. Thos. Oliver, his minor child and sole heir at law. Prior

to his death G. B. Oliver and T. G. Gamble owned the land in controversy, each owning an undivided one-half interest therein. On the 20th day of May, 1903, Gamble by warranty deed, conveyed his interest in the land to G. B. Oliver. The deed recites that a vendor's lien is retained for $500 of the purchase money, evidenced by a promissory note of even date. The note was transferred by Gamble to the Madison County Bank and in December, 1904, after the death of Oliver, the Madison County Bank instituted proceedings in the chancery court against the widow of G. B. Oliver who was named as Percie Oliver and Geo. Thos. Oliver the minor child, to foreclose a vendor's lien on the lands in controversy. Service was had upon the widow and minor child of Geo. B. Oliver, deceased, in the manner required by statute but the clerk failed to put the seal of the court on the summons. The court found there was a balance due of the purchase money on the said land in the sum of $537 and a decree of foreclosure of the vendor's lien of plaintiff was entered of record. The land was duly sold under the decree and the purchaser at the commissioner's sale conveyed the land by deed to E. A. Routh.

In the present action appellant introduced evidence tending to show that some of the installments of the purchase price sued on in that case were not due at the time the decree of foreclosure was entered of record. Testimony was also introduced by appellant tending to show that certain payments had been made which were not taken into account by the court in rendering the decree of foreclosure. Evidence was introduced by appellees tending to show that no such payments had been made. The views we shall hereinafter express, however, render it unnecessary to set out this testimony in detail.

It is undisputed that the land in controversy was the homestead of Geo. B. Oliver at the time of his death and that Geo. Thos. Oliver was still a minor at the time of the institution of this suit. The suit was brought by his mother as next friend.

After the death of Geo. B. Oliver, administration was had upon his estate. A petition was filed in the probate court setting up that Thos. J. Oliver, the twin brother of Geo. B. Oliver had purchased one-half interest in the land in controversy from his brother prior to his death. No written contract of purchase was had between the brothers. It was shown however, to the probate court, that Thos. J. Oliver had made a verbal contract with his brother for the purchase of an undivided one-half interest in the land and had paid him therefor the sum of $400 as part of the purchase money. The balance of the purchase money was paid to the administrator and an order was made pursuant to sections 209-214 of Kirby's Digest for the specific performance of the contract.

The chancellor entered a decree dismissing appellant's complaint for want of equity as to the decree of foreclosure in the Madison chancery court. It was also decreed that his cause of action seeking to set aside the judgment in the Madison probate court should be dismissed without prejudice to any proceeding appellant might hereafter institute in the probate court in relation thereto. The case is here on appeal.

*S. H. Sornborger,* of Oklahoma, for appellant.

1. There was no service on the minor so as to give the court jurisdiction. The summons did not bear the official seal. Nor did the return of service even as amended show such service as to give jurisdiction. The summons was void. 6 Wall. 556, 18 Law. Ed. 948; 2 Ark. 131; 3 *Id.* 450; 6 *Id.* 452; 13 *Id.* 413. The writ was never amended and there was no appearance. 44 Ark. 404; 50 *Id.* 113; 22 *Id.* 362; 6 *Id.* 380.

2. The decree was entered before default in the installments; they were not due and there was no breach. 27 Cyc. 1451; 3 Litt. (Ky.) 404.

3. As to the second cause of action the court had no jurisdiction and the orders of the probate court should be set aside. Sand. & Hill's Dig., § § 205, 209, etc.; 33 Ark. 727; Const. 1874., Art. 7, § 34.

*W. N. Ivie,* for appellee.

1. The absence of the official seal from the summons did not render it void. 22 Ark. 363. Only part of the evidence and part of the record is before this court and it will not disturb the decree. 81 Ark. 589. The presumption is that the decree was warranted by the evidence. 80 Ark. 74; 84 *Id.* 100; 86 *Id.* 368; 95 *Id.* 302.

2. The decree was not premature; besides no defense was made or alleged.

3. The probate court had jurisdiction of the second cause of action. Const. 1874, Art. 7, § 34; 33 Ark. 727; Sand. & Hill's Dig., § 205 to 209. No valid defense is shown and this is a collateral attack upon a decree rendered years ago. Kirby's Dig., § 4434; 90 Ark. 44; 49 *Id.* 397; 85 *Id.* 272. A judgment against an infant will not be vacated unless there was a valid defense even on a direct attack. This was a collateral attack and no fraud is alleged or shown. The court had jurisdiction and its judgment is conclusive. *Massey* v. *Doke, infra* 111.

*S. H. Sornborger,* in reply.

The probate court was absolutely without jurisdiction to enforce specific performance of an oral contract for the sale of a homestead, or contract for such sale in which the wife did not join. Probate courts have no chancery jurisdiction. If it is claimed *special* jurisdiction was conferred to enforce specific performance the jurisdiction must appear upon the face of the record. 54 Ark. 627.

HART, J., (after stating the facts). (1) It is claimed by counsel for appellant that the decree of foreclosure in the case of the Madison County Bank against the widow and minor child of Geo. B. Oliver, deceased, was void because the writ of summons was without the official seal of the clerk; but this court has decided adversely to him in regard to this contention. In the case of *Rudd* v. *Thompson and Barnes,* 22 Ark. 363, the court held that a writ of summons is not void for want of the official seal of the clerk and that it may be amended on application to the

court. The court further held that if no application to amend has been made, the defect is ground of reversal of a judgment rendered by default but that the writ can not be treated as void.

(2) Again it is contended that the judgment of the Madison chancery court foreclosing the vendor's lien on the property in controversy should be set aside because certain installments of the purchase money for which the decree of foreclosure was had were not then due and for the further reason that certain credits were not allowed which should have been allowed in that case. It must be remembered however, that this is a collateral attack on the decree. In the case of *Whitford* v. *Whitford*, 100 Ark. 63, the court held: "In determining the validity of a judgment upon collateral attack, a distinction must be observed between those facts which involve the jurisdiction of the court over the parties and subject-matter, and those quasi-jurisdictional facts, without allegation of which the court can not properly proceed and without proof of which a decree should not be made; absence of the former renders the judgment void upon collateral attack, but not so as to the latter." To the same effect see *Citizens Bank* v. *Commercial National Bank*, 107 Ark. 142; *McDonald* v. *Ft. Smith & Western Rd. Co.*, 105 Ark. 5; *Crittenden Lumber Co.* v. *McDougal*, 101 Ark. 390. So the decree in the chancery case referred to might have been erroneous but this would depend upon the facts before the court. If it was erroneous it could have been set aside on appeal; but the validity of it can not be attacked collaterally except on the ground that it was procured by fraud. There is no allegation or proof in the present action that the decree in the chancery case was procured by fraud. It follows that the decree of the chancellor on this branch of the case was correct and must be affirmed.

We now come to the question of the judgment of the Madison probate court ordering the administrator of the estate of Geo. B. Oliver, deceased, to execute to Thos. J.

Oliver a deed to an undivided one-half interest in the homestead of decedent.

(3-4) The property in controversy was the homestead of Geo. B. Oliver. An order of the probate court directed the administrator of his estate to specifically execute a contract which the decedent had made with his brother before he died. The authority to grant specific performance of an executory contract to convey land against the executor or administrator of a decedent is a special power conferred upon the probate court by sections 209-214 of Kirby's Digest. It is to be exercised in a special manner and not according to the course of the common law. In cases falling within the usual powers of the probate court, the rule is that where the record is silent with respect to any fact necessary to give the court jurisdiction it will be presumed that the court acted within its jurisdiction. *Massey* v. *Doke*, 123 Ark. 211. But where special powers conferred or exercised in special manner, not according to the course of the common law, or where the general powers of the court are exercised over a class not within its ordinary jurisdiction upon the performance of prescribed conditions, no such presumption of jurisdiction will attend the judgment of the court. The facts essential to the exercise of the special jurisdiction must appear in such cases from the record. *Beakley* v. *Ford*, 123 Ark. 383. See also, *Hindman* v. *O'Connor*, 54 Ark. 627. This distinction was pointed out in *Massey* v. *Doke*.

(5-6) As we have already seen, the land in controversy was the homestead of Geo. B. Oliver at the time of his death and the probate court had no power to render a judgment of specific performance of an executory contract to convey the homestead. Under the act of March 18, 1887,* a deed purporting to convey the homestead by a married man is void unless his wife joins in the execution of the deed. *Davis* v. *Hale* 114 Ark. 426, and cases cited; *Stephens* v. *Stephens,* 108 Ark. 53; *Newman*

---

*Act 64, page 90, Acts of 1887 (Rep.)

v. *Jacobson,* 108 Ark. 297. In the case of *Waters* v. *Hanley,* 120 Ark. 465, 179 S. W. 817, in discussing this statute, we said that it is clear that if a husband can not make a conveyance of the homestead without the concurrence of his wife, he can not make a contract to convey the homestead which will be obligatory upon his wife. The reason given was, that if he could do so, the statute could be easily evaded and would be of no force. See also *Jarrett* v. *Jarrett,* 113 Ark. 134. Therefore, we are of the opinion that the probate court had no power to make an order for specific performance of the contract made by the decedent in his life time to convey his homestead to another.

(7) We think the order was void for an additional reason. Sections 209 *et seq.* Kirby's Digest contemplate that there should be a valid executory contract to convey land made by the decedent before the probate court can order it to be specifically performed. The contract in question was an oral one and no possession was taken under the contract prior to the death of the vendor. The contract then could not have been specifically enforced had Geo. B. Oliver lived and the purchaser had brought suit against him. Under the rule before announced the judgment of the Madison probate court could only be supported by a record which shows jurisdiction and no presumption as to its jurisdiction will be indulged.

From the views we have expressed it follows that the court erred in not setting aside the order of the Madison probate court, and for that error the decree will be reversed and the cause remanded with directions to enter a decree in accordance with this opinion.