## WATSON *v.* BANKS.

Opinion delivered July 3, 1922.

1. INSANE PERSONS—EVIDENCE OF COMMITMENT.—In an action on account for goods sold, defended on ground of buyer's insanity, where part of the goods were bought prior to his commitment to the State Hospital, and the rest after his discharge therefrom, defendant cannot complain because, after admitting proof of a record of the county court committing defendant to the State Hospital as being insane, the court held that such record was admitted merely as a circumstance tending to show that defendant was insane.

2. SALES—BURDEN OF PROVING INSANITY—INSTRUCTION.—In an action by a seller of goods against a buyer to recover on an account, defended on the ground that the buyer was incapable of making a valid contract because of insanity, a charge that the burden rested on the buyer to establish the fact that at the time he entered into the contract he was insane was correct.

3. INSANE PERSONS—ISSUANCE OF LETTERS OF GUARDIANSHIP BY CLERK.—Under Const., art. 7, § 34, conferring upon probate courts exclusive jurisdiction in matters relating to persons of unsound mind, and their estates, and the statutes providing for appointment of guardians of estates of insane persons by probate courts after an adjudication of insanity, issuance of letters of guardianship by the county clerk without an order of the probate court was unauthorized and void, and raised no presumption concerning the mental incapacity to contract of the person concerning whom the letters were issued.

Appeal from Desha Circuit Court; *W. B. Sorrels,* Judge; affirmed.

*Poe, Gannaway & Poe,* for appellant.

Appellant was legally declared an insane person under §§ 9403-9405, C. & M. Digest. Such adjudication is not required by statute to be recorded at all, and the fact that it was recorded in the county court records does not invalidate same.

After lawful adjudication, appellant is presumed to remain insane until his disability is removed by competent authority. One dealing with a supposed insane person must show that he had mental capacity to enter into the contract. 136 Ark. 72; 139 Ark. 223; 14 R. C. L. 622.

It was the province of the jury to find whether or not appellant was insane, and the court erred in taking away this question from them by the instructions given.

*Danaher & Danaher,* and *Moore & Hester,* for appellee.

The adjudication of insanity was made by the county court, and not the judge thereof, and was done under authority of secs. 5826-5829, C. & M. Digest. The probate court made no finding whatever. The sections of the Digest relied on by appellant had no reference to the regulation of the business affairs of appellant, but refer only to the manner of gaining admission to the State hospital.

A valid adjudication of insanity is *prima facie* evidence, but the burden of proof is upon the one asserting insanity. 304 Mass. 173; 22 C. J. 79; 119 Ark. 179. Appellant failed to request the court to give an instruction to the effect that the adjudication of the county court was *prima facie* evidence of continuing insanity at the time the contract was made, and he cannot now complain.

McCulloch, C. J. Appellee is a merchant doing business in Desha County, and he instituted this action in the circuit court of that county against appellant to recover on account for merchandise sold and delivered to one Harvill, upon written orders given by appellant.

In the answer filed in the case, appellant denied the allegations of the complaint with respect to the giving of the orders for the sale of merchandise, and the answer also contained a plea that appellant was insane at the time of the alleged sale of the merchandise, and on that account incapable of executing a contract.

There was a trial of the issues before a jury, which resulted in a verdict in favor of appellee.

It is conceded that the evidence was sufficient to support the finding of the jury in favor of appellee upon the issues whether or not appellant gave the written orders and whether or not the account of appellee was correct. It is also conceded that these issues were

properly submitted to the jury, and there is no assignment of error in regard to that feature of the case.

The only assignments of error relate to rulings of the court with respect to the issue as to appellant's mental capacity at the time the contract is alleged to have been entered into.

The transactions occurred during the year 1920. Appellant was residing in Desha County, and was the owner of a farm. Harvill was his tenant. Appellant gave orders to appellee to make advances to Harvill.

The testimony tends to show that during the month of February, 1920, appellant suffered a nervous breakdown, and on March 21, 1920, he was taken to the State Hospital for Nervous Diseases, at Little Rock. He remained in that institution until April 1, 1920, when he was discharged, and returned home.

One of the orders given by appellant for a small amount was given prior to the time he went to the hospital, and all of the others were given after his return.

There is a conflict in the testimony as to the mental condition of appellant before and after he went to the hospital. There was sufficient evidence to support a verdict either way on that issue.

Appellant offered to introduce in evidence a certified copy of a written order, or judgment, signed by the county and probate judge of the county and entered upon the records of the county court, on March 21, 1920, declaring that appellant was insane and committing him to the State Hospital. The county clerk was introduced as a witness by appellant, and testified that the probate court was not in session on that date and had not been in session since March 10, 1920, but that the county court was in session, and that he placed this order on the records of the county court pursuant to the custom in that regard which had theretofore prevailed in that county. The court admitted the record in evidence as a circumstance tending to show that appellant was insane, and

instructed the jury to that effect. The court also charged the jury that the burden of proof rested upon appellant to establish the fact that at the time he entered into the alleged contract with appellee he was insane, or lacking in sufficient mental capacity to make a contract. The court refused to give an instruction, requested by appellant, telling the jury that the burden was upon appellee to show by a preponderance of the testimony that appellant was mentally capable of making the contract and binding himself at the time he gave the alleged orders.

The contention of counsel for appellant in their argument for a reversal of the case is that the order signed by the "county and probate judge" and entered upon the records of the county court was sufficient to constitute an adjudication of appellant's insanity, irrespective of the question whether it was entered on the records of the proper court, and that it constituted *prima facie* evidence of appellant's insanity, which placed the burden upon appellee to overcome. Counsel for appellee, on the other hand, contend that the order of commitment to the State Hospital was void for the reason that it was not made by the probate court while in session, and that exclusive jurisdiction is vested in the probate court by the Constitution. We deem it unnecessary to go into a discussion of this question for the reason that we do not consider it material to a decision of this case.

None of the orders were given by appellant during the period from his commitment to the State Hospital to his discharge therefrom, and the order of commitment, either by the county and probate judge in vacation, if it be held that the statute confers authority upon him to make such an order; or the county court, if it be held that the court had jurisdiction to make the order, created any presumption of insanity after the discharge from the State Hospital.

The statute governing the admission of patients into the State Hospital for Nervous Diseases provides for an order of commitment by the county and probate judge, made after hearing testimony on the subject (Crawford & Moses' Digest, sec. 9404), and the statute also provides that patients may be discharged from that institution by the superintendent. Crawford & Moses' Digest, sec. 9421. Therefore any presumption arising from the mere commitment was removed by the discharge in the manner prescribed by law.

No evidence was introduced with respect to the method of appellant's discharge from the State Hospital or the circumstances thereof, but the proof is undisputed that he returned home on April 11, 1920, and was not in custody thereafter. Therefore the presumption must be indulged that he was regularly discharged. There is therefore no presumption that he labored under insanity after the time of his discharge or before the date of his admission, regardless of the question of the validity or regularity of the commitment to the State Hospital. It is true that on the day that the county and probate judge made the order of commitment the clerk of the court issued letters of guardianship as for an insane person, but there was no order of the probate court authorizing the issuance of such letters, nor was there any approval of the same by the probate court.

The Constitution (art. VII, sec. 34) confers upon the court of probate exclusive jurisdiction in matters relating to persons of unsound mind and their estates, and the statutes of the State provide for the appointment of guardians of the persons and estates of insane persons by the probate court after an adjudication of insanity. Crawford & Moses' Digest, sec. 5836 *et seq.*

The issuance of letters of guardianship by the county clerk was unauthorized and void, and raised no presumption concerning the mental incapacity of appellant.

We are of the opinion that the court was correct in limiting the purpose for which the record of insanity was

introduced, and was also correct in the instruction telling the jury that the burden was upon appellant to establish his lack of mental capacity at the time the contract in question was entered into.

Judgment affirmed.