## Monks *v.* Duffle.

### Opinion delivered March 3, 1924.

1. INSANE PERSONS—ADOPTING LETTERS OF GUARDIANSHIP ISSUED BY CLERK.—While void letters of guardianship issued by the clerk of the probate court for the estate of an insane person could not be vitalized by an order of court, so as to take effect from their date, the court, when it acquires jurisdiction, may make an order appointing the same person as guardian and adopt the letters previously issued by the clerk to take effect from the date of the order.

2. COURTS—SPECIAL STATUTORY JURISDICTION—RECITALS OF RECORD. —Where the jurisdiction conferred by statute on a court must be exercised in a special manner and not according to the course of the common law, facts essential to such jurisdiction must appear in the record.

3. INSANE PERSONS—JURISDICTION.—A probate court does not acquire jurisdiction to grant letters of guardianship for the estate of an alleged incompetent until the latter is brought before the court, as required by Crawford & Moses' Dig., § 5829, and hence a judgment granting such letters was void on its face where it did not contain a recital that the alleged insane person appeared before the court.

4. JUDGMENT—COLLATERAL ATTACK.—Where the question is as to whether the court rightfully acquired jurisdiction of the person and property of an alleged insane person, and not whether it committed error in the exercise of jurisdiction, the question is properly raised on collateral attack.

Appeal from Sebastian Circuit Court, Greenwood District; *John E. Tatum,* Judge; reversed.

*T. A. Pettigrew,* for appellant.

The probate court only has power to appoint a guardian of an adult person of unsound mind, and the clerk's issuance of letters of guardianship, without an order and adjudication of said court, was without authority, and void. 116 Ark. 220; 172 S. W. 1016; 226 S. W. 520; 32 Ark. 674; art. 7, § 34, Constitution; 154 Ark. 396. The issuance of the letters of guardianship without any judicial examination of plaintiff's competency, and without any notice to her, was violative of the declaration of rights, Constitution, art. 2, and was necessarily void.

*U. C. May* and *R. A. Rowe,* for appellee.

1. This is a collateral attack. Plaintiff's remedy was by appeal. The judgment of the probate court is not subject to collateral attack. Act 263, Acts 1919, p. 193; 158 Ark. 478.

2. The incompetency in this case is more from old age and lack of business knowledge than from insanity. The evidence shows that plaintiff instructed Duffle to go to Greenwood and take out letters of guardianship so as to protect her person and estate, paying the expense and that of his attorney for that purpose. The clerk had authority in vacation to grant the letters of guardianship, subject to confirmation or rejection by the probate court. C. & M. Digest, § 4980; 53 Ark. 37; art. 7, § 34, Constitution.

HUMPHREYS, J. Letters of guardianship were issued in January, 1922, by the probate clerk of Sebastian County, Greenwood District, to appellee, Frank Duffle, for the estate of Mary Monks, upon the ground that she was incompetent to manage her affairs. These letters were issued in vacation without an order of the probate court. Subsequently, in term time, the probate court rendered the following judgment:

"Sebastian Probate Court, Greenwood District, April, 1922, April 17, 1922. In the matter of the estate of Mary Monks, an incompetent person.

"On this day is presented to the court the petition and bond of Frank Duffle, for letters of guardianship of Mary Monk, an incompetent person, with bond conditioned as the law directs, in the penal sum of $1,800, with C. J. Woodson and D. W. Robinson as sureties thereon, and it appears to the court that said bond is good and sufficient, and, the court being further advised in the premises:

"It is therefore ordered that said bond be and the same is this day in all things approved, and the clerk of this court is instructed to issue letters of guardianship to Frank Duffle, petitioner."

On the third day of July, 1922, appellant filed a petition to set the judgment aside and revoke the letters,

upon the ground that said judgment and letters were null and void. Appellee was duly served with process to appear and answer. He appeared on the 24th day of August, 1922, and denied all the material allegations in the petition. The petition was heard and dismissed. From the judgment dismissing the petition an appeal was prosecuted to the circuit court, where, upon a trial *de novo,* the court found the law to be that the clerk of the probate court, in vacation, had the right to issue the letters of guardianship, subject to the approval of the probate court, and that said court approved the same. In keeping with the findings, a judgment was rendered dismissing the petition at appellant's costs, from which is this appeal.

Appellant contends that the order of the probate court and letters of guardianship were null and void. The theory advanced is that the clerk had no right to issue the letters without an order of court to do so, and, being issued in vacation without authority, were void. It is argued by appellant that the subsequent order of the probate court could not vitalize the letters of guardianship. *Hastings* v. *United States Fidelity & Guaranty Co.,* 116 Ark. 220, cited by appellant to support this position, does not wholly do so. It was said in that case that: "The probate court only had the power to appoint a guardian of Sarah Elizabeth January, an adult person of unsound mind, and the clerk's issuance of letters of guardianship, without an order and adjudication of said court, was without authority, and void. The appointment being void, the probate court did not acquire jurisdiction of the person or estate of said insane person, and the orders thereof approving and confirming the purported settlements of such guardian were void." There is nothing in the case indicating that the probate court cannot, in the proper exercise of its jurisdiction, make an order appointing a guardian for an insane person and adopt letters theretofore issued by the clerk, to take effect from the date of the order. Void letters, of course, could not be vitalized by an order of court so as to take

effect from their date. To say that the clerk ought to have destroyed the old letters and issued new ones would be giving effect to form rather than to substance. After carving through form, however, and treating the letters as having been issued pursuant to the judgment of the probate court, and effective after the date of the order, we cannot affirm the judgment of the trial court dismissing appellant's petition, because the judgment of the probate court appointing appellee as guardian of the estate of appellant is void on its face. The order contains no recital that appellant was before the probate court when the condition of her mind was inquired into. Under article 7, § 34, of the Constitution of 1874, exclusive jurisdiction in matters relating to persons of unsound mind and their estates is conferred upon probate courts. *Watson* v. *Banks,* 154 Ark. 396. This jurisdiction can be exercised only in the special manner provided in § 5829 of Crawford & Moses' Digest, which is as follows: "If any person shall give information in writing to such court that any person in his county is an idiot, lunatic, or of unsound mind, and pray that an inquiry thereof be had, the court, if satisfied that there is good cause for the exercise of its jurisdiction, shall cause the person so charged to be brought before such court and inquire into the facts by a jury, if the facts be doubtful."

It will be observed that, in order to exercise its jurisdiction, it was necessary to have appellant before the court. Where the jurisdiction conferred upon a court must be exercised in a special manner, and not according to the course of the common law, it is necessary for the facts essential to the exercise of such jurisdiction to appear in the record. *Oliver* v. *Routh,* 123 Ark. 189; *Massey* v. *Doke, Id.,* 211; *Jones* v. *Ainell, Id.,* 532. The failure of the record to affirmatively show the presence of the appellant in court when the condition of her mind was inquired into renders the probate order void. The letters of guardianship must fall with the order.

The issue involved on this appeal is whether the court rightfully acquired jurisdiction of the person of appellant and her property, and not one of error in the exercise of jurisdiction rightfully acquired, so it was proper to raise it by collateral attack. The rule thus announced is not in conflict with the rule announced in the case of *Sharum* v. *Meriwether*, 156 Ark. 331, but, on the contrary, is in perfect accord with it. The error discussed in the Sharum case was one committed in the exercise of a jurisdiction rightfully acquired. The necessity of having a person of unsound mind before the court in order to exercise jurisdiction over him and his property was recognized in the case. The court said: "Jurisdiction is acquired by the filing of the information with the court and the compulsory attendance of the accused before the court."

On account of the error indicated the judgment is reversed, and the cause is remanded with directions to cancel the order and revoke the letters of guardianship.