HYDE v. McNEELY.

4-4641

Opinion delivered May 3, 1937.

1140

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Warren E. Wood,* for appellant.

*A. A. Poff* and *E. E. Hopson,* for appellees.

GRIFFIN SMITH, C. J. Appellant, by an order of the Desha Probate Court, entered May 5, 1932, was found to be a person of unsound mind. The appellee George McNeely was appointed guardian of appellant's person and curator of her estate, and appellees R. J. Murry and R. L. Beck are McNeely's bondsmen.

This appeal is from an order of the Desha chancery court sustaining demurrers to appellant's complaint, asking that the original adjudication of insanity and the appointment of a guardian and curator be declared void, and that appellees be required to account to appellant.

The probate court order in which appellant was declared to be of unsound mind does not recite that she was present at the hearing, or that she had notice of the proceeding.

Section 5829 of Crawford & Moses' Digest provides that "If any person shall give information in writing to such [probate] court that any person in his county is an idiot, lunatic, or of unsound mind, and pray that an inquiry thereof be had, the court, if satisfied that there is good cause for the exercise of its jurisdiction, shall cause the person so charged to be brought before such court and inquire into the facts by a jury, if the facts be doubtful."

The direction that the subject of the inquiry be brought before the court has been held to be mandatory, and an order which fails to recite such jurisdictional fact is void. *Hastings* v. *United States Fidelity & Guaranty Co.,* 116 Ark. 220, 172 S. W. 1016; *Monks* v. *Duffle,* 163 Ark. 118, 259 S. W. 735. It follows, therefore, that the findings, order, and judgment, of the Desha Probate Court, complained of in this appeal, were void, and that McNeely acquired no authority as guardian and curator by virtue of the unauthorized appointment.

In the Hastings case, referred to, *supra,* a guardian had been appointed by the clerk of the probate court, without authority of law. The guardian executed bond and took charge of his ward's property. An action was filed in the chancery court to require an accounting and the court sustained a demurrer to the amended complaint. This court said: "The probate court only had the power to appoint a guardian of Sarah Elizabeth January, an adult person of unsound mind, and the clerk's issuance of letters of guardianship without an order and adjudication of said court was without authority and void. The appointment being void, the probate court did not acquire jurisdiction of the person or estate of said insane person, and the orders thereof approving and confirming the purported settlements of such guardian were void.

"It does not follow, however, that the said January, who acted as guardian and took possession of the estate of the person of unsound mind after his attempted appointment by the clerk of the probate court and his surety upon the bond given before taking such charge, are not responsible for his properly accounting for said estate in accordance with the terms of the bond. He may be treated in a court of equity as an equitable guardian and held legally to account for the property coming into his hands. 21 Cyc. 20; *Hazelton* v. *Douglass,* 97 Wis. 214, 72 N. W. 637, 65 Am. St. Rep. 122. The complaint shows in this case, as in *Hazelton* v. *Douglass,* that, although the person attempted to be appointed was never the legal guardian of the person of unsound mind, he was granted letters of guardianship by the clerk of the probate court without authority, and was supposed to be, and that he gave the bond sued upon with appellee (U. S. F. & G.) company as surety, by which means he obtained possession of her estate. The court there [in the Hazelton case] held the complaint sufficient and the bond valid, saying: 'The bond was given voluntarily; it contravened no statute; it was not even repugnant to the policy of the law; it induced the delivery to the principal of the supposed ward's entire fortune.'

The bond herein [in the Hastings case] given was given under like conditions, and we see no reason why it did not constitute a valid obligation against the surety." (See cases cited.)

In a proceeding in the Drew chancery court, *Scott v. Stephenson*, 168 Ark. 763, 271 S. W. 714, a guardian was required to account for her ward's estate. After judgment, motion was filed to vacate the decree on the ground that the order of the probate court which found the ward insane was void. In commenting upon the effect of the order, Chief Justice McCulloch, speaking for the court, said: "We deem it unnecessary to enter upon a discussion of the question of the validity or invalidity of the original order of the probate court, for the validity of the decree of the chancery court could not be assailed on the ground that the order appointing the guardian was void. The invalidity of the order did not affect the jurisdiction of the chancery court."

In *Peters v. Townsend*, 93 Ark. 103, 124 S. W. 255, appealed from the Garland chancery court, it was said: "Section 34, art. 7, of the Constitution of 1874, provides that probate courts shall have 'exclusive original jurisdiction in matters relative to * * * persons of unsound mind and their estates;' but an insane person not under guardianship can sue and be sued the same as a sane person, and the foregoing provision of the Constitution does not exclude the jurisdiction of other courts to hear and determine suits by or against insane persons, whether under guardianship or not."

Chief Justice Cockrill, in *Turner v. Rogers*, 49 Ark. 51, 4 S. W. 193, said: "The equitable jurisdiction over the subject [administration] with us is not concurrent; it is rather auxiliary or ancillary and corrective, and can be used only when the relief afforded by the probate court is imperfect or inadequate, or where its proceedings have miscarried through fraud, accident, or mistake. There must be some special grounds of exclusive equitable cognizance to warrant the interference of equity with the course of administration."

In the instant case, the probate judgment of insanity being void, appellant stands in the position of one against whom no action had been taken. The appellee McNeely, under a void appointment, executed bond and took charge of appellant's property. Even if the adjudication of insanity had been valid and McNeely's appointment regular, he could not legally take control of the estate without executing a statutory bond. A statutory bond was executed, with the appellees Murry and Beck as sureties.

It is urged that appellant's remedy is not in chancery, but that she should go back to the probate court. The answer to this argument is that, in legal contemplation, she has never been in the probate court, and there is nothing there to appeal from, or to correct. Since equity is not without jurisdiction of the subject-matter, and appellant has invoked its aid, it follows that the chancellor erred in sustaining the demurrers.

The cause is remanded with directions to overrule the demurrers.