Rose *v*. Rose.

5-1693 318 S. W. 2d 818

Opinion delivered December 22, 1958.

*Peyton D. Moncrief*, for appellant.

*No brief filed for appellee.*

William J. Smith, Associate Justice. It appears that Mrs. Wilmer A. Rose filed a charge of insanity against her husband in the Probate Court of Arkansas County, Southern District, and following a hearing, without notice to him and at which he was not present, the court adjudged him insane and ordered him committed to the State Hospital for Nervous Diseases. This appeal is by C. F. Rose, father and next friend of Wilmer A. Rose.

The appellant has argued several points for reversal, one of which is the court's failure to comply with the statutory requirement that a person be present before the court at the time his sanity is inquired into, Sec. 59-101, Ark. Stats. 1947. In the case of *Monks* v. *Duffle*, 163 Ark. 118, 259 S. W. 735, we discussed the mandatory provision of this statute, stating:

"The order contains no recital that appellant was before the probate court when the condition of her mind

was inquired into. Under Article 7, Sec. 34, of the Constitution of 1874, exclusive jurisdiction in matters relating to persons of unsound mind and their estates is conferred upon probate courts. *Watson* v. *Banks,* 154 Ark. 396. This jurisdiction can be exercised only in the special manner provided in Sec. 5829 of Crawford & Moses' Digest, which is as follows: 'If any person shall give information in writing to such court that any person in his county is an idiot, lunatic, or of unsound mind, and pray that an inquiry thereof be had, the court, if satisfied that there is good cause for the exercise of its jurisdiction, shall cause the person so charged to be brought before such court and inquire into the facts by a jury, if the facts be doubtful.'

"It will be observed that, in order to exercise its jurisdiction, it was necessary to have appellant before the court. Where the jurisdiction conferred upon a court must be exercised in a special manner, and not according to the course of the common law, it is necessary for the facts essential to the exercise of such jurisdiction to appear in the record. *Oliver* v. *Routh,* 123 Ark. 189; *Massey* v. *Doke, Id.,* 211; *Jones* v. *Ainell, Id.,* 532. The failure of the record to affirmatively show the presence of the appellant in court when the condition of her mind was inquired into renders the probate order void. The letter of guardianship must fall with the order."

In the case of *Hyde* v. *McNeely,* 193 Ark. 1139, 104 S. W. 2d 1068, we said:

"The direction that the subject of the inquiry be brought before the court has been held to be mandatory, and an order which fails to recite such jurisdictional fact is void."

It is undisputed that Wilmer A. Rose was not present at the time when the court adjudged him insane and ordered him committed. Accordingly, under the statute and cases, *supra,* the court was without jurisdiction to make the order and it must be reversed.

The circumstances in this case are quite different from those we had under consideration in *Barbee* v. *Kolb,*

*Superintendent*, 207 Ark. 227, 179 S. W. 2d 701, wherein Barbee was seeking his release from the State Hospital for Nervous Diseases in a *habeas corpus* proceeding. During the hearing on his petition, Barbee established by his own witnesses that he was of unsound mind. In this case Rose has appealed from the order declaring him to be of unsound mind and we are called upon to determine whether there was reversible error in the proceedings in the trial court.

If Wilmer A. Rose is still confined to the State Hospital for Nervous Diseases, he should remain in protective custody while a hearing is had in compliance with the applicable statute, *supra*.

The order is reversed and remanded for further proceedings consistent with this opinion.

CARLETON HARRIS, C. J. (dissenting). While I agree with the majority that Rose is entitled to a hearing, I do not agree that the order should be reversed. These exact contentions were made to the Court in the case of *Barbee* v. *Kolb*, Supt., 207 Ark. 227, 179 S. W. 2d 701. There, Barbee, through *habeas corpus* proceedings, sought to obtain his discharge from the State Hospital for Nervous Diseases, setting out that the proceedings of the Probate Court committing him to the hospital were void for the following reasons:

> "a. Such proceedings were conducted in the absence of appellant and without his knowledge because he was not given notice of the institution and pendency of such proceedings or the nature of the charge, or the time when and the place where the hearing thereof would be had;  *  *  *
>
> *  *  *  *  *
>
> c. No competent evidence was introduced tending to establish appellant's insanity."

The proof showed that the commitment was issued by the Probate Judge, following the filing of the affidavit and interrogatories of the doctors. Barbee was not present and was not notified in any way of the proceedings there-

to. This Court, in passing upon appellant's contentions, stated:

"For the purpose of this opinion we may, and do, assume, without deciding, that such proceedings were not in conformity to then existing law. It is not contended that the warrant for commitment was void on its face. On the contrary, such warrant was introduced in evidence by appellant's attorney, and the copy thereof set out in the record before us discloses that the same was, on its face, in all things regular.

Since appellant, indubitably an insane person, was delivered to appellee Kolb under a warrant of commitment regular on its face, such appellee acquired rightful custody of appellant, and became charged with certain duties and responsibilities with respect to him regardless of whether the inquisition for determination of his sanity was entirely regular.
\* \* \* \* \*

At 28 Am. Jur. 679, it is said: '\* \* \* if the evidence indicates that one committed to an institution for the insane is actually insane, the court should not order his discharge, regardless of the invalidity of the proceedings under which he was committed, but should direct his continued restraint until such time as proper proceedings can be had for a formal adjudication of insanity.' \* \* \*''

In *Payne* v. *Arkebauer,* 190 Ark. 614, 80 S. W. 2d 76, it was held that, while a person charged with insanity must be present in a proceeding for appointment of a guardian, such presence is not necessary in a proceeding solely for a commitment to the state hospital. In the instant case, the order was valid on its face, and recited evidence by physicians to establish the incompetence of Rose, including the oral testimony of one physician. The other, Dr. Kolb, in his certificate, stated:

"My diagnosis is maniac depressive reaction, maniac type, and he is incompetent. I feel this man can be potentially dangerous to himself and others.

In view of the above pattern of behavior, it is evident that prolonged psychiatric care will be needed for a recovery. If he will not submit to hospitalization voluntarily, then I recommend commitment."

There is nothing to prevent Rose from instituting *habeas corpus* proceedings for a hearing on his sanity here in Pulaski County, and, in my view, this would be the proper step. While the majority hold that the Court was without jurisdiction, and reverse the order, they state that Rose "* * * should remain in protective custody while a hearing is had in compliance with the applicable statute, *supra*." This, to me, is inconsistent, for I see no authority for the hospital authorities to hold Rose if the order of commitment is invalid. It is true that the superintendent himself can still apply for an order of commitment under the provisions of Section 59-234, Ark. Stats. (1947) Anno., (and, for that matter, under Section 59-236, no liability is incurred by the superintendent or staff for the detention of any person until 30 days after such patient has made demand in writing for his release). But I see no reason to impose this duty upon the superintendent in the instant case. Under the *Barbee* case, *supra*, Rose could obtain his hearing, but would remain in custody until his sanity was determined.

For the reasons herein set out, I respectfully dissent.