## PEARCE, EX PARTE.

44 509
61 607

44 509
69 591

1. CERTIORARI: *For correction of errors.*
   The writ of *certiorari* cannot be used as a substitute for appeal for the correction of mere errors of an inferior court.

2. SAME: *Not a writ of right: Practice on.*
   The writ of *certiorari* is not a writ of right. It will be granted or refused in the discretion of the court, according to the circumstances of each particular case, as justice may require; and when it plainly appears that it has been improvidently issued, it will be quashed upon motion of either party or the court's own motion, notwithstanding a return has been made and the merits gone into; but the assumption of unauthorized jurisdiction will be corrected by the writ.

3. ADMINISTRATION: *Citation to administrator to file settlement.*
   It is no excuse for disobedience to a citation to an administrator to file an annual account current, that he had filed an account several years before which the court had not acted on.

4. SAME: *Citation gives jurisdiction in personam.*
   By the service of citation upon an administrator to render an account, the court acquires jurisdiction over his person; and any action of the court thereafter in revoking his letters of administration, re-stating or rejecting a former settlement, or ordering the distribution of the money in his hands, as shown by a former settlement, is within the jurisdiction of the court and not void.

APPEAL from *St. Francis* Circuit Court.
Hon. M. T. SANDERS, Circuit Judge.

*Tappan & Hornor* for appellant.

The orders of the probate court were void for want of notice, and for want of jurisdiction over the person of the administrator. The administrator is not in court and subject to its jurisdiction without notice, except at the term when his settlements are to be filed or confirmed. An administrator can only be removed on complaint in writing by some interested person, supported by affidavit

and on fifteen days' notice. (*Gantt's Dig., sec. 36.*) The nunc pro tunc order was void for the same reasons. (*34. Ark., 300; 40 Ark., 223.*) No order of court was ever made confirming or rejecting his settlement, but the court seven years after ordered the administrator to pay the sum of money with interest, and without any report as to the action under the proper order of court. This was unlawful. *25 Ark., 473.*

*B. C. Brown* for J. W. Crouch, administrator *de bonis non*, etc.

The judgment should be affirmed for two reasons:

1. Laches. No excuse is shown for the delay of seven years. He was allowed twelve months in which to appeal. (*Act March 24, 1875.*) His excuse that his settlement was not acted on is frivolous. It was his duty to present it to the court and have it acted on. He was required to file annual settlements, and the term is prescribed, and a failure to do so is a breach of his bond. *Gantt's Dig., sec. 121; 24 Ark., 20.*

2. The orders complained of are matters within the jurisdiction of the court, and are not void. Having failed to make his settlements as required by law, he was properly removed and his letters revoked. (*Gantt's Dig., sec. 141.*) A citation was served upon him, and time was given him, but he contumaciously refused. The judgment was not *void*, and if erroneous could only be corrected by appeal. *34 Ark., 301; 11 Ib., 525; 19 Ib., 499; 14 Ib., 298.*

As to the order of distribution, see *Borden v. State, 11 Ark., 525.* It was within the jurisdiction of the court. (*Gantt's Dig., sec. 142.*) The court had the right to amend its record by *nunc pro tunc* entry. *Bobo v. State, 40 Ark., 224.*

3. *Quinlan v. Fitzpatrick, 25 Ark., 471,* is not an authority. If it is it should be overruled. For in holding that the judgment of a court acting within its jurisdiction is null, it is clearly in conflict with the whole line of our decisions.

HENDERSON, Sp. J. On the twenty-eighth day of December,. 1865, the petitioner, Thomas Pearce, was appointed administrator of the estate of J. A. Sheffield by the probate court of St. Francis County. On the thirtieth of January,. 1867, he filed his first annual settlement, which was approved by the court. On the fifth day of March, 1868, he filed his second settlement. This account was continued by order of the court, and an order entered requiring Pearce, as such administrator, to pay off certain incumbrances existing against the real estate of his intestate,. and to pay the debts of the estate to the fourth class, and six per cent. on that out of the money in his hands as. shown by his settlement accounts. It is stated in the petition that Pearce paid off the incumbrance on the lands and some of the debts as directed in that order. The settlement filed on the ninth of March, 1868, was never acted. upon or finally disposed of by the court until November, 1875, when it was rejected. A citation was issued and duly served on Pearce, requiring him to file his annual settlement at the January term, 1875. He refused to obey the citation, but, as appears from the petition, he did after the service suggest to the judge of the court that he had a settlement on file as a reason for disobeying the order of the court. On the twenty-ninth of January, 1875, the court reciting the refusal of Pearce to obey the citation, ordered an attachment, but it does not appear what steps. were taken, if any, to compel obedience to this order, or to enforce a further accounting on the part of Pearce. At.

the April term (on the seventeenth day of May) the court made an order reciting the issuance and service of citation at the January term, and the refusal of Pearce to make his annual settlement, and reciting, further, the necessity for a new administrator, revoked his letters and ordered a final settlement of his accounts, and directed the clerk to have a copy of that order served on him. It does not appear that Pearce ever obeyed the order of the court requiring him to make settlements as prescribed by law, or to make a final settlement as required by the order of May 17, 1875, after his removal. At the January term, 1876, the court had entered of record an order reciting that at the April term, 1875, an order of payment was made on Pearce, but by neglect not then entered, and ordered it made *nunc pro tunc.* In this order the court finds that Pearce had in his hands, as shown by his settlement of January 3, 1867, in cash, the sum of $1,476.35, and that he had withheld it from the creditors of the estate. Interest was computed on this sum at the rate of ten per cent. per annum from that date down to the date of the order of payment, making in all the sum of $2,694.29, and ordered that sum distributed *pro rata* to creditors of the fourth class, making a dividend of $14 2-7 per cent., and awarded execution against him for that amount.

It does not appear that Pearce was present when these orders were made, or had notice except as stated. On the seventh of April, 1882, he applied for this writ, which was granted returnable to the April term, 1882, of the St. Francis Circuit Court. After the removal of Pearce from the administration, J. W. Crouch was appointed administrator *de bonis non,* and appeared in the Circuit Court, and on his motion was made a party defendant, and filed a general demurrer to the petition and return, which was by the court sustained. An amended petition was filed,

but no new facts were disclosed by the return to the writ. The cause was again submitted to the court, the writ quashed and petition dismissed. Pearce excepted and appealed.

It is contended on behalf of appellant that four separate orders of the probate court of St. Francis County, made at three different terms of that court, are void for want of jurisdiction over the person of Pearce when made. Two of these orders were made at the April term, 1875 ; one at the October term, 1875, and the other at the January term, 1876. Those of the April term were the orders revoking Pearce's letters of administration and ordering payment of funds in his hands to creditors. The third was the order rejecting his settlement at the October term, and the other at the January term, 1876, reciting the previous order of payment made at the April term, 1875, but not entered by reason of neglect, and entered *nunc pro tunc* at that time.

The question presented by the record is one of jurisdiction. We cannot consider mere errors, if any, appearing in the transcript. It is the settled doctrine of this court that the writ of *certiorari* cannot be used by the Circuit Courts in the exercise of their appellate power and superintending control over inferior courts, for the mere correction of errors as a substitute for appeal. *Baskins v. Wyld's ad., 39 Ark., 347; Flournoy v. Payne, ad., 28 Ark., 87.*

1. CERTIORARI: For correction of errors.

Nor is the writ of *certiorari* a writ of right. It will be granted or denied in the discretion of the court, according to the circumstances of each particular case as justice may require; and whenever it plainly appears that such discretion has been improperly exercised, the court, on the motion of either party, or on its own motion, will quash the writ, notwithstanding a return has been made and the merits of the case gone into. But errors committed in

2. Not a writ of right.

assuming jurisdiction where none exists will be corrected through the medium of this writ as a remedy. The law in force when all these orders were made, allowed any one aggrieved by the final order of the courts of probate, one year in which to prosecute an appeal. Pearce charges that he had no notice *at the time* these orders were made, but does not say that he did not receive notice in time to prosecute an appeal. No unavoidable circumstance or other sufficient cause is alleged as a reason or excuse for not prosecuting his appeal. See *sec. 1 of an act approved March 24, 1875; Wyatt v. Burr, 25 Ark., 476; Flournoy et al. v. Payne, admr., 28 Ark., 87.*

3. ADMINIS-
TRATION:
Citation to
file settle-
ment.

Section 121 Gantt's Digest makes it the duty of every executor and administrator, at the first term of the court one year from the grant of letters, and at the corresponding term of such court every year thereafter until the administration is completed, to present to the court a fair written statement or account current of the estate in his hands. Section 137 requires the clerk to issue a citation to delinquent executors and administrators who have failed to make settlement as required by law. Section 141 is as follows: "If any executor or administrator shall fail to make settlement as required by law, and shall not show good cause for such failure, the court, after a service of a citation on the delinquent, may revoke his letters." Pearce's letters were granted in December, 1865. The January term, 1867, was, therefore, his settlement term. The law required him to file a fair written statement or account current at the corresponding term *every year.* He had not filed a settlement for nearly seven years when cited to appear and settle. The citation was duly issued and served as appears by the transcript. He refused to perform his plain duty or to obey the orders of the court. On the twenty-seventh day of January, 1875, an attach-

ment was issued, but we are not advised what action was taken under it, if any.   At the April term of the court, on the seventeenth day of May, an order was made revoking the letters of administration, which contained a direction to the clerk to cause a copy thereof to be served on Pearce.   The order also required him to make a final settlement of his accounts.   This order was clearly within the scope of power conferred by section 141, and it cannot be assailed on jurisdictional grounds.   If appellant had good cause for his neglect to file his annual settlement, it was his duty to appear and make it known.   The excuse must be a legal one, and addressed very largely to the discretion and judgment of the probate court in each particular case.   The only pretense of an excuse here was, that he had filed a settlement nearly seven years before, that had not been disposed of by the court.   This was not sufficient.   *Wellborn v. Rogers, 24 Ga., 558; Musick v. Beebe, 17 Kansas, 47; Koon v. Munro, 11 S. C., 139; Mixe's Appeal, 35 Conn., 121; Collins v. Tilton, 58 Ind., 374; Sturtevant v. Tallman, 27 Me., 78; Schouler, Ex. and Admr.,* sec. 527.

The discretion of the court was wisely exercised in revoking the letters of administration.   (*Bankhead v. Hubbard, 14 Ark., 298.*)   He was clearly a delinquent in duty; had violated his trust, and was in no meritorious position before the court.   He had, in fact, defied the power and process of the court and the authority of the law.

When regularly cited to appear and make his settlement, he was by that means given his day in court, and any action of the court thereafter in revoking his letters of administration, restating or rejecting his former settlement, or ordering a distribution of the money in his hands, as shown by his settlement of the thirtieth of January, 1867, was within the jurisdiction of the court, and for that rea-

son not void.  If he had made payments under a former
order of the court, it was his privilege and duty to have
shown that fact when cited, or at his former annual settle-
ments.  The laws of this State require administrations to
be completed within three years from the grant of letters.
(See *sec. 198 Gantt's Dig.*)  This estate consisted of cash
and real estate.  No reason is shown why final settlement
could not have been made within three years.  Yet the
records show this administrator was appointed in Decem-
ber, 1865, and was not removed until November, 1875,
lacking one month of ten years, and in all that time there
is no proof offered to the probate court that Pearce ever
paid out one dollar.  He complains because the proper
accounting tribunal accepted his own statement of cash in
his hands, and ordered him to pay it out, with interest,
when he had treated the efforts of that court to enforce a
further accounting with contempt.  The citation conferred
jurisdiction over the person of the appellant, and he was
in court at all times thereafter in the matter of settling
his accounts.  It would, doubtless, be in the interest of
justice and for the protection of infants if probate
courts would more rigidly enforce the plain letter as well
as the spirit of our laws in holding faithless trustees to a
strict account of their trusts.  This court adheres to the
rule repeatedly announced of upholding the jurisdiction
of the probate court as a superior court within its sphere,
with all the attendant presumptions in favor of the reg-
ularity of its proceedings.  *Sturdy and wife v. Jacoway*, 19
*Ark.*, *499 ; Borden v. State*, 6 *Eng.*, *519 ; Rogers v. Wilson*,
13 *Ark.*, 507 ; *Montgomery and wife v. Johnston*, 31 *Ark.*, 74;
*Baskins v. Wyld's ad.*, 39 *Ark.*, 348.

The case of *Guinlin v. Fitzpatrick & Teague*, 25 *Ark.*, 471,
is relied upon as an authority directly in point to the effect
that inasmuch as the April term of the probate court was

not the settlement term of Pearce, and the money not having been found in his hands by the settlement of that date, and he having no notice of the order of distribution, it is void. This case is distinguishable in one particular from that. Mrs. Guinlin was not in default in making her settlements; nor had she been cited to appear in the probate court for that purpose. The balance in her hands, as shown by her previous settlement, was not in money, but consisted of a negro woman and some uncollected notes. This case is not in harmony with the current of authority in this State in holding that the order of payment made upon the administratrix was absolutely void for want of jurisdiction of her person. So far as the rulings of the court in that case are in conflict with this opinion they are overruled.

Affirm.

Hon. W. W. SMITH, J., did not sit in this case.