GRINSTEAD v. WILSON.

Opinion delivered October 26, 1901.

69   587<br>73   606

CERTIORARI—ORDER ESTABLISHING ROAD WITHOUT NOTICE.—Certiorari is the proper remedy to quash an order of the county court laying out a road over the land of one who had no notice of such proceeding, and who lost his right of appeal therefrom without his fault.

Appeal from Independence Circuit Court.

JAMES W. BUTLER, Special Judge.

### STATEMENT BY THE COURT.

On the 21st day of August, 1899, the appellant filed his petition, asking that the record of the county court in the matter of changing the road of road district No. 3 be certified up, and that the order making the change of the road over the land of petitioner be quashed. The substance of the petition is as follows, to-wit: Your petitioner states that he is a resident of the city of Louisville, Ky.; that he is the owner of the south half of section twenty-nine (29), township twelve (12) north, range four (4) west; that on the 6th day of April, 1899, at the April term of the Independence county court, W. E. Ferguson, road overseer of road district No. 3, presented his petition to said court, stating that, by reason of the caving of the bank of White river, the road which runs adjacent to the land aforesaid, being known as the "Jacksonport and Oil Trough Road," had become almost impassable; that, if the road was not changed immediately, it would be almost wholly destroyed. Praying for the appointment of viewers to lay out another road and to appropriate such land as might be necessary to be appropriated for road purposes. Moore, Johnson and Cook were by the court appointed viewers, ordered to meet on the 20th day of April, 1899, or within five days thereafter, to view and lay out said road. That afterwards, and without notice to petitioner, viewers proceeded to meet and view said road on the 24th day of April, 1899, and located a new road described in said petition, making award of damages, and filed said report with the clerk on the 30th day of May, 1899. That afterwards, on the 5th day of July, 1899, at the July term

of said court, was presented the petition of Andrew Allen, excepting to the report of the viewers, and asking for review for the reason that it was wholly unnecessary to make said change, and that the viewers appointed were interested in changing said road on account of said report. Thereupon on said day the court granted said petition, and appointed Jackson, Erwin and Robinson as viewers, who were ordered to view said road, and meet for that purpose on the 13th day of July, 1899, and on the 17th day of July, 1899, said commissioners, having viewed said road, made and filed report, recommending the following change in said road. (Here follows description of the change.) "That no notice whatever was given petitioner of the review of said road; that thereafter said road was ordered to be established as reviewed and reported by said reviewers. That said last mentioned order of said court in laying out said road is wholly void * * * *Fourth.* Because no notice was given to this petitioner, by publication or otherwise, of the laying out of said road nor of the meeting of the said viewers, when the fact was well known that petitioner was a nonresident of this state. * * * *Seventh.* Because said report of said viewers was filed on the 17th day of July, 1899, and immediately acted upon by said court, and was not published and publicly read on the second day of the next succeeding court, and no opportunity was given to any one to appear in said court and object to and contest said order. * * * *Ninth.* That said review was wholly unauthorized and without authority of law, is void, and the reviewers had no authority in law to change the road from where it was located by the viewers; that this petitioner is now, and has been, and was at the time of the filing of the said former petition of said view and review, a non-resident of this state, and had no notice whatever of the proceedings in said matter; that by the establishing of said road he is greatly damaged; (1) By the taking of his land without practically any compensation. (2) That for the greater portion of the distance of said road he will have to maintain two strings of fence. (3) That the road, as laid out and established now, within a few years will be destroyed by the caving of said bank; that the bank has had for years a tendency to cave at several places along said road, and for the past three years the said bank has caved now up to the old road, and destroyed the same, necessarily causing a change in said road to be made, and that the hauling of heavy freight has had a tendency to weaken the same and render it more liable to the encroachment of the river. Petitioner

prays that a writ of certiorari issue to said court, commanding the clerk to certify to this court the proceedings aforesaid; that said order establishing the said road be held void for injunction, and for all other proper relief."

The several petitions, orders, etc., are made exhibits to the petition for certiorari.

In support of said petition the plaintiff filed the affidavit of J. M. Stayton, which is in substance as follows:

He is the agent of W. E. Grinstead, who is a resident of Louisville, Ky. Sometime in the spring of 1899 there had been complaint about the condition of the road along the river bank, which was adjacent to the lands of Grinstead, and the overseer, whenever the bank caved, had been in the habit of setting the fence back without authority. He was notified to stop it, and before the fence should be moved any more he was to consult him. The overseer came down in the spring, and asked what steps he should take to change the road. It was suggested to him that the statute provided that where the road was injured or destroyed the overseer might apply to the county court to change the road. At the request of the overseer and for him Stayton drew the first petition for changing the road, which was filed in April in the county court. No further attention was paid to the matter until he learned that Cook, Moore and Johnson were appointed viewers. They advised him verbally that they were going to lay out the road. He did not go out there, and understood afterwards that the changes made by them were adopted by the county court. He never knew, nor was there ever any notice given him, of the petition of Allen, and he did not know that any change had been made until about two weeks before the petition of certiorari was filed. A copy of the order was sent down to him at his request, and he immediately went to Batesville, and found the county court had adjourned. He had no opportunity to appeal or to give notice of appeal. He had no notice of review, nor was there any publication made of it, and was in absolute ignorance of the change until he received the copy of the order, when he immediately took steps to file a petition of certiorari, as the time for giving notice of appeal had passed, the court having adjourned in course, as he was informed by attorney of Allen, whom he consulted upon his arrival in Batesville.

To the petition of appellant appellees demurred. Upon the hearing of the petition, exhibits thereto and the demurrer of the defendant, and testimony on the part of the petitioner, the argu-

ment of counsel, the court sustained the demurrer, and dismissed said petition, and awarded costs against said petitioner. Whereupon the plaintiff excepted, presented his bill of exceptions, which was signed, sealed and ordered filed, and prayed an appeal to this court, which was granted.

*James M. Stayton* and *Neill & Neill,* for appellant.

The court had no jurisdiction, because of the failure to comply with section 2817, Sand. & H. Dig. 10 Ark. 241. Appellant had a right to notice of the contemplated changes. 66 Ark. 292. If the statutes were construed as authorizing the proceeding without notice to the land owner, it would be a taking of property without due process of law. 5 Ark. 409; 9 Ark. 337; 9 Ark. 362; 10 Ark. 225; 24 Ark. 161; 43 Ark. 545. Certiorari is the proper remedy. 21 Ark. 265; 52 Ark. 222; 13 Ark. 355; 15 Ark. 43.

*Yancey & Reeder,* for appellee.

Section 2817, Sand. & H. Dig., applies to those cases only where application is made for the "reviewing" of a road after the *final order has been made and the road established.* 10 Ark. 241. The mere irregularity as to notice to appellant cannot be raised on certiorari. 47 Ark. 441. There being no want of jurisdiction shown, certiorari was not the proper remedy. 17 Ark. 580; 37 Ark. 318. Errors of this kind can only be corrected on appeal. 17 Ark. 44; 28 Ark. 87; 30 Ark. 148; 47 Ark. 511; 43 Ark. 341; 50 Ark. 34; 51 Ark. 281; 25 Ark. 476; 43 Ark. 33. Certiorari. can not be used as a substitute for appeal. 39 Ark. 347; 39 Ark. 399; 43 Ark. 341; 47 Ark. 511; 52 Ark. 213; 43 Ark. 33. Nor will certiorari be granted when the right of appeal was lost through the fault or neglect of the one seeking the writ. 25 Ark. 218; 52 Ark. 213.

HUGHES, J., (after stating the facts). It appears from the copies of the record and proceedings of the county court in the matter of the change of the public road, as therein set out, that the petitioner for certiorari herein had no notice of any of the same; and that the land of the petitioner, W. E. Grinstead, was ordered to be taken and appropriated for a public road, without any notice to him of the proceedings and order under which the same was to be done. Section 4190 of Sandels & Hill's Digest provides that all judgments, orders, sentences and decrees made, rendered or pronounced by any of the courts of this state against any one without

notice, actual or constructive, and all proceedings had under such judgments, orders, sentences or decrees shall be absolutely null and void." What more need be said? The orders and proceedings in this case were absolutely null for the want of notice. The party whose land was to be taken had no notice of the proceedings whatever, and the whole are absolutely void. Without doubt all these proceedings were void. Should they be quashed on certiorari? Should petitioner have appealed?

The proof on the hearing of the application for certiorari is that petitioner lost his right of appeal without his fault; that he had no notice of the proceedings or orders of the court till after the time had expired when he could have appealed. Besides, it is shown that the proceedings and orders of the court are absolutely null and void. Wherefore certiorari is the proper remedy to quash these void proceedings and orders. Where there is a want of jurisdiction below or an excess of it apparent on the record, certiorari is the appropriate, if not the only, remedy. *Baxter* v. *Brooks,* 29 Ark. 173. "Errors in assumption of jurisdiction are properly correctable on certiorari." *Flournoy* v. *Payne,* 28 Ark. 97. The assumption of unauthorized jurisdiction will be corrected by writ of certiorari. *Ex parte Pearce,* 44 Ark. 509; *Baskins* v. *Wylds,* 39 Ark. 347. It cannot be used for the correction of mere errors, as a substitute for an appeal. *Id.; Pettigrew* v. *Washington County,* 43 Ark. 33.

Finding that the court below had no jurisdiction of the person of the appellant in this case for the want of notice to him, and that its proceedings and judgment in this cause are void, the judgment is quashed.