HEMPSTEAD COUNTY *v*. HOPE BRIDGE COMPANY.

Opinion delivered February 11, 1918.

1. APPEALS FROM COUNTY COURT—ALLOWANCE OF CLAIM—RIGHT OF JURY TRIAL IN CIRCUIT COURT.—On appeal to the circuit court from an order of the county court, disallowing a claim against the county, it is improper to submit the case to the jury.

2. COUNTY COURTS—CLAIM AGAINST COUNTY—ALLOWANCE AND DISALLOWANCE.—A bridge company, appellee, furnished certain bridges to the appellant county, and filed a claim therefor. The county court allowed some of the claims and marked certain others for investigation, without allowing or disallowing them, and allowed the claim "as amended," *held*, parol evidence was admissible to show what the account "as amended" was, and to explain the meaning of the marginal notations of the county judge.

3. COUNTY COURTS—ALLOWANCE OF CLAIMS—SEPARATE ITEMS.—Where a claim was presented to the county court for certain bridges furnished to the county, the county court may pass upon the items separately, and allow or disallow them separately.

Appeal from Hempstead Circuit Court; *George R. Haynie*, Judge; affirmed.

*Tillman B. Parks, Prosecuting Attorney*, and *Etter & Monroe*, for appellant.

1. The claim for the two items was disallowed, the time for appeal has expired and the judgment is final.

The cause should have been submitted to a jury.

The record is the best evidence in the case. The intention of the county judge to allow or disallow was a question of fact to be tried by jury. 57 Ark. 579; 109 *Id.* 537.

2. Where there is any evidence to establish a fact or issue, it is error to take the case from the jury. 89 Ark. 372; 63 *Id.* 94; 76 *Id.* 556; 36 *Id.* 451; 35 *Id.* 146; 62 *Id.* 63; 84 *Id.* 57.

In determining on appeal the correctness of a trial court's action in directing a verdict the rule is to take that view of the evidence most favorable to the party against whom the verdict is directed. 89 Ark. 372; 73 *Id.* 561; 76 *Id.* 520.

The record is the best evidence of what was done or intended. Parol evidence to prove the proceedings of

a court of record is inadmissible. 87 Ark. 108. A judgment of a court of record should be proved by the original record. 11 Ark. 466; 25 *Id.* 424.

*James H. McCollum,* for appellee.

1. The two items were not disallowed. They were simply postponed for future action. Such a custom was shown. 115 Ark. 130.

2. The finding of the court is supported by a clear preponderance of the evidence and will not be disturbed. 96 Ark. 606; 104 *Id.* 154; 125 *Id.* 136.

3. No objections or exceptions were saved and made in the motion for new trial. The objections were waived. 79 Ark. 176; 94 *Id.* 147; 108 *Id.* 425; 116 *Id.* 307; 117 *Id.* 198.

4. The trial was by consent of parties. 112 Ark. 57; 125 *Id.* 305; 126 *Id.* 354; 127 *Id.* 58.

5. A jury trial was not demanded. 44 Ark. 202.

6. This was not a jury case. It originated in the county court. 26 Ark. 281; 29 *Id.* 370; 32 *Id.* 553; 40 *Id.* 290; 50 *Id.* 266; 52 *Id.* 445.

7. The county is clearly liable for the two bridges. 38 Ark. 557.

SMITH, J.   H. L. B'Shers was county judge of Hempstead County in 1914, and during that year built a large number of bridges in that county. A number of these bridges were furnished by the Hope Bridge Company, and that company filed for allowance the following claim against the county:

"May 18/14 One 60-ft. bridge by Crosnoe .................................................................$  568.50

May 23/14 One 30-ft. bridge shipped to Ozan ..............................................   216.00

May 23/14 One 20-ft. bridge shipped to Ozan ..............................................    91.84

May 28/14 One 300-ft. bridge, $216.00, with legs, $44.00 ...................   260.00 x off

June 18/14 One 17-ft. 6-inch, $81.20, legs $44.00 ...................................   125.20 x off

June 29/14 One 60-foot, $568.50, 20-ft.,
$91.84, legs, $23.25.................................$   683.59

                                                        $1,945.13
Off .....................................................   385.20

                                                        $1,559.93.''

Opposite the bridges for which the sums of $260.00
and $125.20, respectively, were charged, the county
judge made the notation, ''x off.'' These two bridges
total the sum of $385.20, and that sum was deducted
from the account, and the docket of the judge showed
that the claim was ''allowed as amended,'' and the fol-
lowing entry was made on the county court record:

''This day the court examined the claim herein filed
of Hope Bridge Company for one 60-foot bridge, one 30-
foot bridge, 2 20-foot bridges, and one 60-foot bridge,
which is duly verified and allowed by the court as
amended in the sum of fifteen hundred fifty-nine and
93/100 dollars ($1,559.93) and the clerk of this court is
ordered to draw his warrant on the county treasurer for
the said sum in favor of said firm payable out of the
appropriations for bridges.''

No further action was taken in regard to this claim
until after the expiration of the term of Judge B'Shers.
Later another account was filed, which included these
two items, and they were disallowed by the county court,
and in apt time an appeal was prosecuted from the order
of disallowance to the circuit court, and upon a trial there
judgment was rendered in favor of the bridge company.

A motion was filed in behalf of the county to dismiss
the appeal upon the ground that the claim had been dis-
allowed at the July, 1914, term of the county court, and
no appeal had been prosecuted within the time limited
by law. This motion was not disposed of specifically,
but the judgment of the court, in effect, disposed of it.

There appears to be no question but that the bridges
were furnished to, and were received by, the county, and
were in use at the time of the trial. The controlling

question is whether the claims were disallowed by the county court at its July, 1914, term.

It is first insisted that this issue should have been tried on appeal before a jury. But a jury could not have been demanded in the county court originally, and it was not proper, therefore, to submit the case to a jury in the circuit court on appeal. *State* v. *Johnson,* 26 Ark. 281; *Swope* v. *Ross,* 29 Ark. 370; *Govan* v. *Jackson,* 32 Ark. 553; *Williams* v. *Citizens,* 40 Ark. 290; *Wheat* v. *Smith,* 50 Ark. 266; *Woolum* v. *Kelton,* 52 Ark. 445; *State* v. *Churchill,* 48 Ark. 426, 436; *Kirkland* v. *State,* 72 Ark. 171, 177; *St. L., I. M. & S. Ry. Co.* v. *State,* 99 Ark. 1, 16. Moreover, the record recites that the cause was heard by the court by consent of the parties.

Upon the hearing of the cause it was shown that the county judge had the practice, when examining accounts against the county which consisted of a number of items, to allow those items about which he was satisfied, and to pass over, for further examination, items about which he was in doubt; and Judge B'Shers testified that he had not disallowed the items in question, but had marked them off for further investigation.

It is insisted that the judgment speaks for itself, and that it is not subject to parol explanation. The judgment, however, does not disallow the items in question. It does allow the account *as amended,* and parol evidence was admissible to show what the account as amended was, and this was done by showing the meaning of the marginal notations made upon the account by the county judge. The notations are ambiguous, and no rule of evidence was violated in explaining this ambiguity. This explanation makes it appear that, when considered by the county court, the items had been marked off the account, and the account as passed upon by the court was one for the sum of $1,559.93, for which sum it was allowed.

We perceive no reason why the court did not have the jurisdiction to pass upon these items separately and to allow or to disallow them separately, as they repre-

sented different bridges furnished at different times. *Jennings* v. *Fort Smith District of Sebastian County,* 115 Ark. 130.

The court amended the account so that it included only the items concerning which it was then advised and upon which it was then prepared to pass judgment, and we are of the opinion that this action cannot be treated as a judgment of disallowance from which an appeal must be prosecuted. Under the circumstances an appeal would have been both premature and unnecessary.

Judgment affirmed.