SHARUM v. MERIWETHER.

Opinion delivered January 8, 1923.

1.  CERTIORARI—VOID JUDGMENT.—A judgment of the probate court declaring a person of unsound mind and appointing a guardian may be quashed on certiorari if void on its face.

2.  JUDGMENT—COLLATERAL ATTACK.—The probate court is of superior jurisdiction, and its judgment rendered in pursuance of jurisdiction rightfully acquired cannot be attacked collaterally.

3.  JURY—CONSTITUTIONAL GUARANTY.—The constitutional guaranty of the right of trial by jury relates only to cases at common law, in which the issues are triable by the jury.

4.  JURY—INQUISITIONS AS TO SANITY.—At common law there was no right of trial by jury in sanity inquisitions.

5.  INSANE PERSONS—DISCRETION AS TO JURY TRIAL.—Under Crawford & Moses' Dig., § 3829, providing that the person charged with being of unsound mind shall be brought before the court, and it shall "inquire into the facts by a jury, if the facts be doubtful," the court has a discretion to grant or refuse a jury; but if the person so charged appears and traverses the charge and demands a jury, it is an abuse of discretion to refuse to order a jury.

6.  CERTIORARI—ABUSE OF DISCRETION.—Abuse by the probate court of its discretion in refusing a jury trial in an inquisition as to sanity does not invalidate the proceedings and render the judgment void, but is merely an error in the exercise of jurisdiction, which may be corrected only by appeal.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman*, Judge; affirmed.

*Gautney & Dudley, Schoonover & Jackson* and *Smith & Gibson*, for appellant.

Secs. 5829 and 5836, C. & M. Digest, under which proceedings were instituted, are mandatory. They must be strictly followed, otherwise the proceedings are void (14 R. C. L. p. 556, §§ 7-8), and may be so declared even on collateral attack. 131 Ark. 216.

Where demand is made, a jury must be called, and a proceeding which ignores such demand is void on its face, and should be quashed on certiorari. See 57 N. W. 203; 60 N. Y. 591; 51 N. J. Eq. 611; 44 A. S. R. 258; 1 L. R. A. 610; 19 A. L. R. 711; L. R. A. 1918-A, p. 339.

*W. A. Cunningham, Ponder & Gibson, Cockrill & Armistead, Pace, Campbell & Davis*, for appellee.

While the Constitution contains a guaranty of the right to trial by jury, it is only applicable to cases at common law in which the issues of fact were triable by a jury. 72 Ark. 177; 99 Ark. 1. There was no provision at common law for jury trials in this class of cases. 84 Kan. 603; 1 V. & B. 57.

Section 5829, C. & M. Digest, does not guaranty the right to a jury trial. There is provision for a jury only in event the facts are doubtful, thereby vesting discretion in the court. Even though the court erred in the exercise of its discretion in not calling a jury, the error could only be corrected by appeal. 49 Ark. 144.

*Gautney & Dudley, Schoonover & Jackson* and *Smith & Gibson,* for appellant, in reply.

Where the judgment rendered is in violation of constitutional guaranties and void upon its face, certiorari is the proper remedy. 69 Ark. 587. See also 11 Ark. 519 and 39 Ark. 347.

McCulloch, C. J. This is an appeal from a judgment of the circuit court refusing to issue a writ of certiorari to bring up for review a judgment of the probate court declaring appellant to be a person of unsound mind and appointing a guardian for his person and estate. The validity of the judgment of the probate court is challenged on the ground that the record affirmatively shows that the probate court refused to order a jury, but proceeded to trial and made the adjudication of appellant's unsoundness of mind without the intervention of a jury.

The record exhibited with appellant's petition to the circuit court shows that information of appellant's alleged unsoundness of mind was duly given to the probate court by appellant's daughter, Mrs. Myrtle Meriwether, and his grandson, J. J. Sharum, who are the appellees before this court; that, pursuant to the information, the court issued a warrant directing the appearance of appellant in court on a certain day named; that, on the day named, appellant appeared in court in person

and by counsel and filed an answer denying the allegation as to his mental unsoundness, and demanded a jury to try the issue, but that the court refused to order a jury, and proceeded to the trial of the issue before the court, and heard testimony, upon which the judgment of the court was rendered.

The sole question presented to us on this appeal is whether or not the judgment of the probate court is void on its face, for if its invalidity thus appears it should be quashed on certiorari. *Grimstead* v. *Wilson,* 69 Ark. 587; *Pritchett* v. *Road Improvement District,* 142 Ark. 509.

The statutes governing the procedure in the probate court in cases of this kind are as follows:

"If any person shall give information in writing to such court that any person in his county is an idiot, lunatic, or of unsound mind, and pray that an inquiry thereof be had, the court, if satisfied that there is good cause for the exercise of its jurisdiction, shall cause the person so charged to be brought before such court, and inquire into the facts by a jury, if the facts be doubtful." Crawford & Moses' Digest, § 5829.

"The court may, if just cause appear, at any time during the term at which an inquisition is had, set aside the same and cause a new jury to be summoned to inquire into the facts; but, when two juries concur in any case, the verdict may be set aside." *Id.* § 5831.

"If it be found by the jury that the person so brought before the court is of unsound mind, or incapable of managing his own affairs, the court shall appoint a guardian of the person and of the estate of such insane person." *Id.* § 5836.

"Whenever any insane person is confined in the insane asylum of this State, or in any institution or asylum for the insane outside of the State, the probate court of the county of which such person is a citizen and resident shall have power to appoint a guardian for such person, without requiring the presence of such person before the court." *Id.* § 5837.

These sections of the Digest have come down to us from the Revised Statutes, except § 5837, which is a comparatively recent enactment.

The Constitution of 1874 (art. VII, § 34) confers upon the probate courts of the State "exclusive original jurisdiction in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians and person of unsound mind and their estates, as is now vested in the circuit court or may be hereafter prescribed by law."

The probate court is one of superior jurisdiction, and its judgments rendered in pursuance of jurisdiction rightfully acquired cannot be attacked collaterally. *Apel* v. *Kelsey,* 52 Ark. 341.

The Constitution of the State also contains a guaranty of the right of trial by jury, but we have held that this guaranty relates only to "cases at common law in which the issues of fact are triable by a jury." *Kirkland* v. *State,* 72 Ark. 177; *St. L. I. M. & S. Ry. Co.* v. *State,* 99 Ark. 281; *Drew* v. *Board of Commissioners,* 124 Ark. 569; *Hempstead County* v. *Bridge Dist.,* 132 Ark. 412; *Mo. Pac. Ry. Co.* v. *Bridge District,* 134 Ark. 292. It is well understood that at common law there was no right of trial by jury in sanity inquisitions. *Ex parte Tomlinson,* 1 V. & B. 57; *Crocker* v. *State,* 60 Wis. 553; *State* v. *Linderholm,* 84 Kansas 603; *In re O'Connor,* 155 Pac. 115; *Hagany* v. *Cohnen,* 29 Ohio St. 82; *Black Hawk County* v. *Springer,* 58 Iowa 417; *In re Bresee,* 82 Iowa 573.

The right of trial by jury is therefore dependent upon the language of the statute which confers it, and it is clear that some degree of discretion is allowed a court in granting or refusing a jury. The language of the statute is that the person charged shall be brought before the court, and that the court shall "inquire into the facts by a jury, if the facts be doubtful." Where the person under charge of insanity appears and traverses the charge and demands a jury, the court should order a jury, and it is an abuse of discretion to refuse to do so.

It does not follow, however, that such abuse of discretion, though appearing on the face of the judgment itself, would invalidate the proceedings. On the contrary, we hold that such abuse of discretion is merely an error, which must be corrected, if at all, by appeal.

Probate courts are, as before stated, courts of superior jurisdiction, and, when jurisdiction is rightfully acquired, the judgment is not void, even though it appears on its face to be erroneous. Jurisdiction is acquired by the filing of information with the court and the compulsory attendance of the accused before the court, and the proceedings which follow constitute the exercise of the jurisdiction thus acquired. The ordering of a jury is done in the exercise of that jurisdiction, and it does not defeat the jurisdiction of the court because there is an erroneous exercise of it in the proceeding. The error must, as before stated, be corrected by appeal. *Ex parte Brandon,* 49 Ark. 143; *McClendon* v. *Wood,* 125 Ark. 155.

In the last cited case the question arose on application for a writ of prohibition to prevent the trial court from proceeding without a jury, and in disposing of the question we said:

"The jurisdiction of the court itself is undoubted. The jury is but an arm of the court, and, so far as jurisdiction is concerned, it cannot be said that there is any separate jurisdiction of the jury. The jurisdiction is exercised by the court as a whole, and, if there is an erroneous exercise of that jurisdiction during the progress of the matter while pending before the court, the error must be corrected by appeal. There appears to be no escape from that conclusion, and anything that might be said now with respect to the merits of the controversy would be mere *dictum.*"

It follows from the decision in the cases cited that an error in the exercise of jurisdiction by refusing to impanel a jury to try the issue does not render the judgment void, and that the action of the court can not be controlled by prohibition, nor its judgment quashed on

certiorari. An appeal is the sole remedy, and where the appeal is to the circuit court it tries the case *de novo,* and is controlled by the same statute; and on appeal to this court there is a review only for errors committed by the circuit court on the trial there.

The circuit court was correct therefore in refusing to issue the writ of certiorari, and the judgment is affirmed.