WILSON *v.* WILLIAMS, JUDGE.

4-8972                                    221 S. W. 2d 773

Opinion delivered June 27, 1949.

*Warren E. Wood* and *Griffin Smith, Jr.,* for petitioner.

*G. B. Colvin,* for respondent.

MINOR W. MILLWEE, Justice. This is an application to this court for a writ of prohibition to prevent the judge of the Perry Probate Court from proceeding further in a cause wherein petitioner, Sam H. Wilson, was adjudged to be incompetent and incapable of handling his business affairs and a guardian of his person and estate was appointed.

The petition alleges that the order of the probate court was void for lack of jurisdiction for several reasons, the principal one being that petitioner was not before the court during the inquisition as to his sanity. It was also alleged that the court was proposing to appoint a guardian in succession to Baylor House, deceased, and in so doing was about to proceed without jurisdiction.

The order sought to be annulled recites: "On this 12th day of January, 1949, this matter comes on for hearing before the court upon a charge of insanity filed herein by Baylor House, as Sheriff of Perry County, Arkansas, duly verified, and charging that Samuel H. Wilson is insane and that action should be taken by this Court in regard thereto and further alleging that a guardian should be appointed to look after his affairs and the same is presented to the Court on the evidence of Baylor House, S. V. Gullett, M. H. Garreston, Dr. Stanley Gutowski and Dr. R. A. Jones, and the presence in open Court of the said Samuel H. Wilson from all of which the Court finds that said Samuel H. Wilson is incompetent and not capable of handling his business affairs and that a guardian should be appointed for that purpose."

The record reflects that the trial court proceeded with the utmost caution and good faith by requiring each step of the proceedings to be properly transcribed and preserved and this transcript has been filed with the petition. The transcript discloses that on April 28, 1949, Frank M. Wilson, a nephew of petitioner and resident of the State of Washington, filed a petition for an order to restore petitioner to the status of a sane and competent person. After an extensive hearing, the court entered an order on April 29, 1949, which found: "That

the said Samuel H. Wilson, incompetent has been present in court during all of the time of this hearing and that neither he nor the attorney for Frank M. Wilson, Petitioner, has requested a jury to hear and determine the evidence; that after hearing all of the evidence, the court finds the said Samuel H. Wilson to be incompetent, that the fact of said incompetency is not doubtful and that it is not necessary to have a jury to inquire into said facts; that the said Samuel H. Wilson, incompetent, is at the time of this hearing incapable of conducting his own affairs and handling his estate, real and personal and that the petition herein should be denied.''

After this unsuccessful attempt to have his sanity ordered restored, petitioner, on May 4, 1949, filed a motion to set aside the judgment of January 12, 1949, alleging the same grounds now urged for the issuance of the writ of prohibition. This motion was heard and overruled and the instant petition was filed May 13, 1949.

It is noted that the order of January 12, 1949, states on its face that petitioner was present in court at the time the order was made. The transcirpt of the proceedings discloses that while petitioner was in attendance on the court in response to the charge, the trial court heard most of the evidence in the absence of petitioner. This was done at the court's direction and to save petitioner from embarrassment.

After most of the testimony was taken, petitioner was brought before the court and questioned as follows: ''The Court: Mr. Wilson, where do you want to make your home? A. Where do I want to make? The Court: Yes, where do you want to live? Do you want to stay on with Mr. and Mrs. Gullett? A. Well, I think so. The Court: All right, sir. Do you want the sheriff here to help you look after your finance? Do you want Sheriff House to help you look after your business affairs? A. Well, I don't know. I have never practiced hiring a man to run my business. The Court: How old are you sir? A. 82. The Court: How is your eye sight? Do you see all right? A. Oh, no. I couldn't tell you from looking at you now whether you are a white man or a

black man. The Court: Your vision has been bad for some time? A. Well, it is kinda hard—it has been about 5 years. Do you remember where you had a—let me get it straight now. Had a—had a—. I guess I don't know enough to tell it. The Court: Well, Mr. Wilson, do you have any relatives here in the State of Arkansas? Do you have any close relatives? A. Any kinfolks. I don't think so. The Court: Do you have any relatives that you regularly correspond with, write to and they write back to you? A. No, sir. The Court: What is your closest relative that you know of? A. I have got a sister two years older than me and she lives in—anyway in the west somewhere. I don't know just where it is. The Court: You don't actually know her address yourself? A. What? The Court: You don't actually know what her address is? A. No, I don't. The Court: Do you ever hear from her? A. Well, through somebody else. The Court: Do you ever visit with her? A. I ain't saw her for 65 years. The Court: You consider Perry County here to be your home? A. Well, I am going to other places right now, right away. The Court: Well, how long have you lived in Perry County? A. I don't know. The Court: I believe that is all. Dr. Gutowski: You had started home there, where were you going? A. Oh, I have been staying over here at Mr. Gullett's, and he stays there too and his sisters, two or three of them— two of them is there, I believe. The Court: Are you pleased to live there at Mr. Gullett's? A. Please too? The Court: Yes, sir. Do you like to live there? A. Well, if I was making more money, I would feel better about it. The Court: Well."

The transcript of the testimony taken at the hearing on Jan. 12, 1949, also shows that petitioner was an aged bachelor and had made his home with the Gulletts in Perry County for six years; that he carelessly kept nearly $30,000 in cash in a suitcase; and that he had started on a trip by bus to Missouri with the cash and other valuables at a time when he was mentally and physically ill and was apprehended by the sheriff of Perry County on information furnished by friends and neighbors of petitioner.

Petitioner insists that the proceedings in the probate court were void and that said court is attempting to proceed without jurisdiction because the statutory requirement of petitioner's presence in court at the sanity inquisition was not complied with. Ark. Stats. (1947), § 59-101, provides: "If any person shall give information in writing to the probate court that any person in their county is an idiot, lunatic, or of unsound mind, as in the preceding section (§ 57-401) is mentioned, and pray that an inquiry thereof be had, the probate court, if satisfied that there is good cause for the exercise of its jurisdiction, shall cause the person so charged to be brought before such court, and inquire into the facts by a jury, if the facts be doubtful." By Sub-division 3 of § 57-402 (Act 191 of 1945) it is provided that the requirement of the subject's presence before the court may be dispensed with where he "is physically incapacitated and is unable to be brought before the court by reason of physical disability, illness, or disease."

Petitioner relies on the case of Hyde v. McNeely, 193 Ark. 1139, 104 S .W. 2d 1068, and cases there cited. It was held in that case that an order of probate court declaring appellant insane, which failed to recite that she was present at the hearing, is void. Here the order of January 12, 1949, shows on its face the presence of the petitioner before the court. The transcript of the hearing also shows that petitioner was before the court and examined by the court although it further shows that he was not present throughout the proceedings. In view of the provisions of § 57-402, supra, we think the trial court is clothed with some discretion in determining whether petitioner's physical presence should be compelled at all times during the hearing. If the trial court abused its discretion in failing to enforce petitioner's presence throughout the hearing, this is merely an error in the exercise of jurisdiction which does not appear on the face of the judgment and must be corrected, if at all, by appeal.

In Sharum v. Meriwether, 156 Ark. 331, 246 S. W. 501, it was held (headnote 6): "Abuse by the probate court of its discretion in refusing a jury trial in an

inquisition as to sanity does not invalidate the proceedings and render the judgment void, but is merely an error in the exercise of jurisdiction, which may be corrected only by appeal." The abuse of discretion in that case appeared on the face of the judgment. See, also, Scherz v. Peoples National Bank, Guardian, 214 Ark. 796, 218 S. W. 2d 86.

The probate court had jurisdiction of the subject-matter in the instant case. Ark. Stats. (1947), § 57-401. We have repeatedly held that where a court has jurisdiction of the subject-matter and the existence or non-existence of jurisdiction of the person depends on a question of fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error which may be corrected by appeal and prohibition is not the proper remedy. Finley v. Morse, 74 Ark. 219, 85 S. W. 238; Macon v. Lecroy, 174 Ark. 228, 295 S. W. 31; Sparkman Hardwood Lbr. Co. v. Bush, 189 Ark. 391, 72 S. W. 2d 527; Ark. Democrat v. Means, 190 Ark. 948, 82 S. W. 2d 256; Twin City Lines, Inc. v. Cummings, Judge, 212 Ark. 569, 206 S. W. 2d 438.

Since we conclude that prohibition is not the proper remedy to review the alleged error in the court's failure to require petitioner's presence at all times during the inquisition, it is unnecessary to determine whether jurisdiction of the person was waived by the proceeding to restore sanity held on April 28, 1949.

Petitioner also contends that the sheriff of Perry County was prohibited by law from serving as guardian, and that the evidence is insufficient to support the finding of insanity. These are not questions affecting jurisdiction of the court, but involve mere errors which are properly reviewable on appeal and not by the extraordinary writ of prohibition.

The petition for writ of prohibition is denied.

GRIFFIN SMITH, C. J., not participating.