In re Samuel H. Wilson, Incompetent.

4-9027                                                                      225 S. W. 2d 691

Opinion delivered January 9, 1950.

*Warren E. Wood* and *Griffin Smith, Jr.,* for appellant.

*G. B. Colvin,* for appellee.

ED. F. McFADDIN, Justice.   This appeal seeks to reverse the judgment of the Perry Probate Court, which declared Samuel H. Wilson to be an incompetent and appointed a guardian for him.   The facts regarding this unfortunate octogenarian are recited in our opinion in *Wilson* v. *Williams,* 215 Ark. 576, 221 S. W. 2d 773, which was an attempt to present, by petition for prohibition, the questions now before us on this appeal.   Since this is a continuation of the same controversy, we refer to that opinion for a statement of the facts.

I.   *Appellant claims that the adjudication of January 12, 1949, finding Samuel H. Wilson to be incompetent, was void because Wilson was not allowed to be present during the entire proceedings in the Probate Court.*   The Probate Judgment of January 12, 1949, recites "  . . .  the presence in open court of the said Samuel H. Wilson  . . .", but the testimony at the hearing of January 12, 1949, reflects that Wilson was in court only a portion of the time; and appellant urges that the temporary exclusion of Wilson rendered void the adjudication of incompetency.   We find it unnecessary to decide this point, because the record contains a subsequent adjudication of Wilson's incompetency determined at a hearing when he was all the time present.

On April 28, 1949, Frank M. Wilson, as a nephew of Samuel H. Wilson, filed a petition in the Perry Probate Court alleging that Samuel H. Wilson was then sane, and praying that the court so find and adjudge. On that petition a hearing was held on April 29, 1949. Witnesses who testified were Frank M. Wilson, Mrs. Esther V. Wilson, Samuel H. Wilson (the alleged incompetent), Dr. Stanley Gutowski, and Dr. R. A. Jones. At the conclusion of the hearing the court found:

"That the said Samuel H. Wilson, incompetent, has been present in court during all of the time of this hearing and that neither he nor the attorney for Frank M. Wilson, Petitioner, has requested a jury to hear and determine the evidence; that after hearing all of the evidence, the court finds the said Samuel H. Wilson to be incompetent, that the fact of said incompetency is not doubtful and that it is not necessary to have a jury to inquire into said facts; that the said Samuel H. Wilson, incompetent is at the time of this hearing incapable of conducting his own affairs and handling his estates, real and personal, and that the petition herein should be denied."

A comparison of the evidence presented at the hearing on January 12, 1949, with that of April 29, 1949, discloses that at each hearing there was a legally sufficient inquiry into the mental condition of Samuel H. Wilson, and that the evidence at *each* hearing supported the adjudication of incompetency. In short, on the evidence heard on April 29, 1949, the Perry Probate Court was justified in making an adjudication of incompetency of Samuel H. Wilson even if there had never been a previous legal adjudication. So we hold that if any error [1] were committed in excluding Samuel H. Wilson from a portion of the hearing of January 12, 1949, such error was cured by having him present during the entire hearing of April 29, 1949, and that based on the testimony of the latter hearing the Probate Court was justified in adjudicating Samuel H. Wilson to be an incompetent.

II. *Appellant claims that the Probate Court committed error on January 12, 1949, in appointing the Sheriff of Perry County as guardian of Samuel H. Wilson, Incompetent.* Mr. Baylor House was Sheriff of Perry County on January 12, 1949, and the Court appointed him as the guardian of the incompetent. House made bond and entered into the discharge of his duties as such guardian. Appellant cites § 57-122 Ark. Stats. 1947,

---

[1] We leave undecided whether such exclusion would have been reversible error under the facts here presented.

as statutory inhibition against the sheriff being the guardian of the incompetent. That section reads:

"No clerk, sheriff or judge of probate or justice of the county court shall be appointed a guardian or curator in the county where he resides; nor shall any judge, justice of the county court, clerk of a court of record, sheriff or deputy of either, or attorney at law, be taken as security for any guardian or curator."

But the Section above quoted comes from § 20 of Act 78 of the Act of April 22, 1873, and that Act relates to *minors* and not to insane persons or incompetents. At the time of the appointment of the Sheriff as guardian of the incompetent, Samuel H. Wilson, there was no statutory inhibition against a sheriff being the guardian of an incompetent. The general rule is that in the absence of statutory inhibition a public official may be appointed guardian. See 44 C. J. S. 127, "Insane Persons," § 42, (4).

On January 12, 1949, the Sheriff of Perry County was not legally disqualified from being appointed guardian in this case; and prior to the time of the hearing on April 29, 1949, Sheriff Baylor House departed this life. This latter fact removes from consideration in this case the effect of the inhibition contained in 1949 Probate Code [2] against a sheriff acting as guardian of an incompetent.

The judgment of the Probate Court, as here challenged, is in all things affirmed.

Chief Justice not participating.

[2] That is § 194 of Act 140 of the Acts of 1949, as found in § 57-607 of the 1949 Cumulative Pocket Supplement of Ark. Stats. 1947.